## 31367. CLARK v. THE STATE.

JORDAN, Justice.

Harold Clark appeals from his conviction of armed robbery and sentence of 15 years.

Two men robbed McCorkle's Bakery at about 4:50 p.m. on December 30, 1974. The employee who surrendered possession of the money identified the appellant as one of the men. The appellant denied that he was a participant in the robbery, and he introduced alibi evidence.

1. The appellant enumerates as error the trial judge allowing, over objection, the assistant district attorney to cross examine him regarding his failure to advise investigating officers of his alibi defense.

In Doyle v. Ohio, —U. S.— (96 SC 2240, 49 LE2d 91), the Supreme Court of the United States held that the use for impeachment purposes of the silence of an accused at the time of arrest, and after he had received Miranda

warnings which advised him of his Fifth Amendment right to remain silent, violated the due process clause of the Fourteenth Amendment.

In the present case the assistant district attorney questioned the appellant extensively about his failure to inform the investigating officers of his alibi defense. Other evidence shows that an investigating officer questioned the applicant, after informing him of his Miranda rights, and that the appellant declined to make a statement until counsel could be appointed. No valid distinction can be drawn between silence as it pertained to an exculpatory statement concerning events transpiring immediately prior to the arrest of an accused, dealt with in Doyle v. Ohio, and the silence pertaining to an alibi defense in the present case.

In *Howard v. State,* 237 Ga. 471, 473 (1976), this court, after citing Doyle v. Ohio, held that "it is clear that the constitutional privileges against self-incrimination are applicable to post-arrest, pre-trial police interrogation. . ." The cross examination of the appellant therefore falls within the rule prohibiting the use of the silence of an accused in the presence of law officers for impeachment purposes.

The attorney general has argued that Doyle v. Ohio, supra, should not be applied retroactively. We will apply the ruling in Doyle, supra, to this case since the issue was properly raised at the trial and the appeal was pending as of June 17, 1976, the date of the Doyle decision. Application of Doyle will be limited to cases such as this where the issue was raised in the trial court and the appeal was not completed as of the date of the Doyle decision. It will not be applied retroactively to a habeas corpus case or other post appeal attack.

In the present case we cannot say that the cross examination of the appellant about his silence concerning his only defense, that of alibi, was harmless error, and a new trial must be granted.

2. The appellant contends that it was error for the trial judge to question one of his witnesses, and to deny his motion for mistrial based on this examination.

This witness had testified that on the date of the robbery she and appellant were at a party at the home of

Gloria Hall from about 2:00 p.m. until about 11:30 p.m and that it was impossible for him to have robbed the bakery at 4:50 p.m. After the cross examination of this witness by the assistant district attorney, the judge directed the following questions to her: "Where was Gloria Hall living? . . . How close was Gloria Hall living to McCorkle's Bakery?" It is argued that these questions intimated to the jury that the judge believed the appellant could have left the party long enough to participate in the robbery without being missed.

The questions asked did not intimate an opinion by the trial judge on the facts of the case, and the judge did not abuse his discretion in making these inquiries. *Wilson v. State,* 229 Ga. 224 (2) (190 SE2d 78) (1972).

3. The appellant contends that it was error to deny his motion for mistrial based upon the misconduct of a juror.

While counsel for the appellant was conducting his cross examination of the state's witness who identified the appellant, a juror remarked: "You're just putting words in her mouth." It was, of course, improper for the juror to make this comment. Since such an improper remark will not likely occur on a new trial, which has already been ordered, it is not necessary to determine whether the juror's remark was so prejudicial to the appellant as to required a reversal of the conviction.

*Judgment reversed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 13, 1976 — DECIDED OCTOBER 20, 1976 — REHEARING DENIED NOVEMBER 24, 1976.

*Calhoun & Donaldson, R. B. Donaldson, Jr.,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.