### 56521. OWENS v. THE STATE.

SMITH, Judge.

The sole contention of this appeal from a theft-by-taking conviction is that the trial court erred in refusing to grant a mistrial following allegedly improper comments pertaining to the appellant's silence following his arrest. Finding no error, we affirm.

In both his opening and closing arguments, counsel

statute even though the attempt be completed. Criminal Code §§ 26-1303, 26-1004; *Scott v. State,* 141 Ga. App. 848 (1) (234 SE2d 685) (1977).

for the appellant emphasized that the appellant, after learning he was suspected of the theft, consulted an attorney, turned himself in, and, pursuant to his attorney's specific advice that he do so, remained silent. During the trial, Wilkes County Sheriff Cecil Moore was asked on direct examination by the state whether the appellant made any statement at the time he turned himself in. Moore replied that he never asked the appellant any questions and that the appellant, therefore, never offered any answers. A motion for mistrial was made and denied, but the sheriff was cautioned to avoid such statements and the jury was instructed to disregard the comment on silence. Further into the trial, the appellant, on cross examination by the state, was asked whether he had told the sheriff the explanation he offered at trial. The appellant replied, "I didn't tell the sheriff nothing. My lawyer advised me not to." Objection was interposed, but the motion for mistrial was not renewed.

There is no question but that evidence as to a defendant's silence at the time of arrest is inadmissible. *Reid v. State,* 129 Ga. App. 660 (5) (200 SE2d 456) (1974); *Clark v. State,* 237 Ga. 901 (230 SE2d 277) (1976). However, to the extent that inadmissible testimony may have been admitted here, the admission was harmless, and the refusal to grant a mistrial was therefore not error. First, the court's curative instructions diminished the impact of the testimony. *Smith v. State,* 140 Ga. App. 385, 388 (231 SE2d 83) (1976). Further, the testimony was, in both instances, consistent with and supportive of the position argued by the appellant's counsel at trial. *Overcash v. State,* 239 Ga. 499 (238 SE2d 50) (1977); see also *Rivers v. State,* 147 Ga. App. 19 (1978) on "opening the door" to certain evidence. Moreover, following the appellant's account and explanation of his silence, no motion for mistrial was made or renewed.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED OCTOBER 5, 1978 — REHEARING DENIED OCTOBER 25, 1978 —

*Augustine & Lyndon, Edward E. Augustine, John F. Lyndon,* for appellant.

*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Assistant District Attorney,* for appellee.