## 57903. KITCHENS v. THE STATE.

CARLEY, Judge.

The defendant was indicted for burglary and after the jury returned a verdict of guilty, the trial court imposed a sentence of ten (10) years, six (6) of which are to be served in the state penitentiary with the remaining years to be served on probation. Kitchens appeals from his conviction and sentence alleging a violation of his right to remain silent as guaranteed by the Constitutions of the United States and the State of Georgia.

During the course of direct examination by the state of the investigating officer, the witness was asked about the Miranda warnings given to Kitchens. The district attorney then asked: "Thereafter, did you have a conversation with Terry Kitchens?" The witness responded: "No, sir. He declined to make any statement." Kitchens objected and requested that the jury be excused. When the jury was removed, Kitchens' attorney offered the following: "[W]e object to any testimony concerning the Defendant's exercising his fifth amendment right to remain silent. I believe the courts have said that to introduce his silence as evidence would be a violation of that right, and we would respectfully ask the Court to instruct the jury to disregard any statements by this witness concerning Mr. Kitchens' silence at the time he was being interrogated." A colloquy developed, the net result of which was that the court, in effect, sustained Kitchens' objection. When the jury returned, however, the court failed to give the curative charge to the jury,

requested by Kitchens, that it would disregard testimony as to his silence at the time of interrogation. It is urged that this failure was reversible error. We agree.

"Evidence as to silence on the part of the defendant at the time of his arrest should be excluded when objected to, for he is then entitled to remain silent, and the prosecution may not use against him the fact that he stood mute or claimed his privilege. [Cit.]" *Reid v. State,* 129 Ga. App. 660, 664 (5) (200 SE2d 456) (1973). That Kitchens "declined to make any statement" at the time of his arrest was not a gratuitous comment by the witness made during a narrative statement, but was in direct response to the state's question concerning a "conversation" the officer may have had with Kitchens. Compare *Smith v. State,* 140 Ga. App. 385, 386 (3) (231 SE2d 83) (1976). We cannot say that, under these circumstances, "[t]he remark was apparently not intended to nor did it have the effect of being probative on the guilt or innocence of the defendant." Id. at 388. Rather, "[i]t is very obvious that this question was unnecessary and whether or not the officer intended to violate the defendant's rights, he did so." *Hall v. State,* 138 Ga. App. 20 (3), 21 (225 SE2d 705) (1976). Compare *Jacobs v. State,* 137 Ga. App. 592, 593 (2) (224 SE2d 462) (1976).

Kitchens properly objected to this line of questioning. Compare *Paschal v. State,* 139 Ga. App. 842, 844 (5) (229 SE2d 795) (1976). He further requested curative instructions, which were not given. Compare *Smith,* supra, at 388; *Owens v. State,* 147 Ga. App. 709 (250 SE2d 162) (1978). Under these circumstances, the erroneous comment cannot "be considered to have been of minimal effect with no adverse impact upon the defendant's right to a fair and impartial trial." *Smith,* supra, at 388. After being requested to correct the error, the court failed to do so, and this failure was reversible error, requiring a new trial. *Hall,* supra.

*Judgment reversed. Deen, C. J., and Quillian, P. J., concur. Shulman, J., not participating.*

SUBMITTED MAY 8, 1979 — DECIDED JULY 12, 1979.

*Stan Durden,* for appellant.
*Nat Hancock, District Attorney, Richard J. Burkett, Assistant District Attorney,* for appellee.