## 59628. HARRISON v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction of theft by taking and possession of tools for the commission of a crime. *Held:*

1. From the evidence adduced, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

2. The defendant took the stand and gave an exculpatory statement for his presence at the scene of the crime. On cross examination by the state, the following ensued: "Q. All right. Well, why didn't you — when the police came out there that night why didn't you tell them your car broke down and was right up the road? Why didn't you — [Defense Attorney]: Excuse me, Your Honor, He does have a right to remain silent. I believe we are getting close to — The Court: He is a witness, he is on cross examination. He has been sworn. I will let him answer the question. [Prosecuting Attorney]: I'm simply asking why did he go to the jail without explaining to the police? . . . Q. Why didn't you explain to the police, my car broke down? A. One reason — The Court: He can answer. A. One reason, the officer had me charged improperly and did not advise me of my rights. I was scared." The trial judge gave no curative instructions to the jury.

It was error to permit cross examination of the defendant for impeachment purposes regarding his silence (or failure to offer an exculpatory statement) at the time of his arrest. United States v. Hale, 422 U. S. 171 (95 SC 2133, 45 LE2d 99); Doyle v. Ohio, 426 U. S. 610 (96 SC 2240, 49 LE2d 91); *Lowe v. State,* 136 Ga. App. 631 (222 SE2d 50); *Clark v. State,* 237 Ga. 901 (1) (230 SE2d 277). See *Kitchens v. State,* 150 Ga. App. 707 (258 SE2d 544). This rule is applicable to a defendant who was not apprised of his Miranda rights. People v. Conyers, N. Y. Ct. App. (26 CrL 2419) (decided 1/8/80).

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED MARCH 4, 1980 — DECIDED
APRIL 11, 1980.

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Isaac*

*Jenrette, Margaret V. Lines, Assistant District Attorneys,* for appellee.