## 60858. RICHARDS v. THE STATE.

SOGNIER, Judge.

Appellant, a 16-year-old, was convicted in the Superior Court of Fulton County of armed robbery and was sentenced to life imprisonment. On appeal he contends the trial court erred by denying two motions for mistrial, each based on different grounds.

1. The state introduced evidence of an armed robbery that occurred approximately six hours after the armed robbery of Burnis Bryant with which appellant was charged. After the second robbery appellant departed the scene driving Bryant's car, which he admitted taking after robbing Bryant; he was pursued by police in a high-speed chase that ended when appellant crashed into a brick wall. The gun used to shoot Bryant was in the possession of one of the other occupants of the car driven by appellant. Our Supreme Court has held that "where such evidence of other criminal transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime or to the concealment of the crime or the identity of the perpetrator thereof, such evidence is admissible as an exception to this general rule." *Spurlin v. State,* 228 Ga. 2, 5 (183 SE2d 765) (1971). Considering the fact that the car taken in the first robbery was used as the "getaway

car" in the second robbery six hours later; that appellant was driving the stolen car; that he refused to stop and led police on a high-speed chase for 10 to 12 miles; and that the gun used in the first robbery was in the possession of an occupant of the car driven by appellant, it is clear that such evidence falls within the exception to the general rule which makes evidence of other criminal transactions inadmissible under most circumstances. Hence the trial court did not err in denying a motion for mistrial on the ground that such evidence was inadmissible.

2. Appellant testified in his own behalf, and after relating the details of the robbery and shooting of Bryant, he testified that "I had never done nothing like that before in my life." The trial court ruled, over objection, that such testimony placed appellant's general character in issue. The state was then allowed to ask appellant if he wasn't on escape from Juvenile Court, and if prior to this robbery appellant had not made some 30 or 40 appearances before Juvenile Court. The state also called a witness who was an employee in the Juvenile Court records department who was allowed to testify, over objection, that appellant's Juvenile Court file contained 19 "Blue Sheets" listing some 40-odd offenses charged against appellant. The witness testified that the "Blue Sheets" are not findings of delinquency made by a Juvenile Court judge, but are merely charges that have been filed against a child at Juvenile Court. The witness was allowed to read all charges contained in the "Blue Sheets" to the jury. Additionally, a few actual adjudications of delinquency were read into the record by the witness, as well as the fact that appellant had been indicted by the Fulton County Grand Jury on charges of armed robbery and aggravated assault for which he was awaiting trial. The admission of such testimony over appellant's objection was clearly erroneous.

Code Ann. § 38-1804 provides that a witness may be impeached by evidence as to his bad character; the particular transactions shall not be inquired of, with certain exceptions not relevant here. In regard to the state asking appellant if he wasn't on escape from Juvenile Court and if he had not made some 30 or 40 appearances before such court, "a witness cannot be discredited even by his own testimony that he was convicted of a crime involving moral turpitude. It is necessary that a copy of the record of conviction be introduced. [Cit.] Accordingly, the testimony of a witness that he has done some act that the law makes a crime is not a legal method of impeachment." *Durrett v. State,* 135 Ga. App. 749, 752 (3) (219 SE2d 9) (1975). Further, "[w]hile a witness may be discredited by proof of general bad character or *conviction* of a crime involving moral turpitude, it is not competent to discredit him by showing that he has committed,

been arrested for, confined for, or even indicted for such an offense. [Cits.] Neither may general bad character be proved by individual acts." (Emphasis supplied.) *McCarty v. State,* 139 Ga. App. 101, 103 (227 SE2d 898) (1976). See also *Hall v. State,* 241 Ga. 252, 254 (2) (244 SE2d 833) (1978). It is clear from the rules just cited that a witness may not be impeached by showing he has committed, been arrested for, or even indicted for offenses involving moral turpitude. "It is necessary to introduce an authenticated copy of the record of the court in which he was convicted." *McCarty,* supra. Thus, it was error to allow the prosecuting attorney to ask about specific acts allegedly committed by appellant, and error to permit a witness to testify about, and read from, information contained on the "Blue Sheets." However, under the circumstances of this case we believe the error to be harmless insofar as the finding of appellant's guilt is concerned, for the evidence against him is overwhelming. *Hamilton v. State,* 239 Ga. 72, 76 (235 SE2d 515) (1977). The victim identified appellant as the perpetrator of the offense charged, and appellant judicially confessed *prior* to the inadmissible testimony. "To reverse a jury finding of guilty in the face of such overwhelming evidence would be a perversion of justice." *Hamilton,* supra.

Although it was harmless error to admit, erroneously, such testimony on the merits, it was error for the trial court to consider such testimony in determining an appropriate sentence for appellant. The transcript indicates that during the hearing on sentencing, the prosecuting attorney asked the court to consider the evidence presented on the merits and the trial court did, in fact, consider appellant's past record. Since testimony relating to appellant's juvenile record was not admitted properly, it was error for the court to consider it. *Minis v. State,* 150 Ga. App. 671 (5) (258 SE2d 308) (1979); *Cottros v. State,* 154 Ga. App. 243 (268 SE2d 355) (1980). Accordingly, we find it necessary to remand for resentencing.

*Judgment affirmed in part and remanded for resentencing. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 6, 1981 —
REHEARING DENIED FEBRUARY 20, 1981 —

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Joseph J. Drolet, Assistant District Attorneys,* for appellee.