Eugene McClain, *pro se.*

## 40481. DUNCAN v. THE STATE.

CLARKE, Justice.

Willie Duncan was tried for murder and sentenced to life imprisonment. The testimony at trial showed that Duncan and his cousin fell into conversation with the victim and the victim's brother at a bus stop. The conversation centered about the victim's desire to buy a chef's hat worn by Duncan's cousin. All witnesses agreed that the victim paid $2.00 for the hat. Duncan told his cousin that the hat was worth $5.00, whereupon the victim returned the hat, the cousin returned the $2.00, and Duncan and his cousin drove away. All witnesses agree that at this point the conversation had been friendly. Two eyewitnesses testified that a few minutes later Duncan returned on foot to the bus stop and shot the victim.

1. Duncan alleges that the verdict was contrary to the evidence and against the weight of the evidence. Although there is some confusion as to the description of the clothing worn by the perpetrator, and although Duncan and his cousin strenuously deny that Duncan shot the victim, the jury was entitled to believe the testimony of the two eyewitnesses to the murder. The evidence was sufficient to support the verdict under the test set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Duncan next contends that the district attorney impermissibly cross-examined him as to his failure to reveal an alibi to police when arrested. Under *Clark v. State,* 237 Ga. 901 (230 SE2d 277) (1976), cross-examination as to failure to advise police of an alibi is an infringement upon a defendant's right to remain silent. The cross-examination here, however, was merely a perfectly proper cross-examination as to the existence of an alibi and not a comment upon defendant's silence.

3. Finally, Duncan alleges error in the court's failure to charge voluntary or involuntary manslaughter. A charge of manslaughter is not required in the absence of a request, and even when a request is made, such a charge is not required where there is no evidence of manslaughter. Here, there was neither a request nor evidence; therefore, there was no error. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354), cert. denied 429 U. S. 833 (1976).

*Judgment affirmed. All the Justices concur.*

Decided March 7, 1984.

*Michael H. Lane*, for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General*, for appellee.