69266. WEEMS v. THE STATE.
69267. USHER v. THE STATE.
(323 SE2d 272)

BANKE, Presiding Judge.

Jerome Weems and Olin Usher, Jr., were jointly tried and convicted of burglary. Weems was also convicted of giving a false name to a police officer. On appeal, Weems' sole contention is that the evidence was insufficient to support the verdict against him. Usher enumerates as error in his appeal the denial of his motion to have certain fingerprint evidence examined by an independent expert at the State's expense. He also complains of the court's failure to charge on criminal trespass as a lesser included offense of burglary.

T. W. Craig, the father and neighbor of the victim, Gene Craig, testified that at about 1:00 p.m. on August 30, 1983, he saw a strange car enter his son's yard. Upon further investigation he saw a black male coming from his son's house with a television set in his arms. He shouted at the man, who apparently fled into thick woods and underbush behind the house, but was unable to identify either defendant as being this individual.

A. M. Wilkerson, who lived about one-half mile from Craig's residence testified that the two defendants came to his house between 1:00 and 1:30 p.m. on the same date and that defendant Usher asked to use the phone because his car had broken down. Ray Mayo, who lived across the road from Wilkerson, testified that the defendants also appeared at his house that day and that defendant Usher also asked him for assistance. Detective Tomlinson arrived at the Mayo residence while the defendants were still there and arrested both of them. He testified that both were sweating profusely, as if "they had been running or working," and that defendant Usher, who was wearing short pants, was bleeding from scratches on his legs. When asked by Detective Tomlinson to identify himself, defendant Weems stated that his name was Anthony Bernard Carr.

Olin Usher's brother-in-law, Joe Carr, testified that he was the owner of the vehicle which had been found abandoned on the victim's premises the day of the burglary. He also testified that he had loaned the car to Usher at about 8:30 a.m. on the day in question and that when he saw Usher again later that morning he (Usher) was accompanied by a person who "looked like" defendant Weems. An expert testified for the State that fingerprints lifted from the abandoned vehicle and from a jewelry box taken from the Craig residence matched defendant Usher's prints. Testifying in his own behalf, Usher denied any complicity in the burglary, maintaining that he had been walking along the road when he met Weems, theretofore a stranger to him, and that the two of them had merely continued walking along together. Weems did not testify. *Held*:

1. The trial court's refusal to direct a verdict of acquittal is error only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. OCGA § 17-9-1. In view of Weem's presence with Usher shortly after the robbery, the testimony that both were sweating profusely as if they had been running, and the fact that Weems gave a false name to the apprehending officer, including a last name which was identical to that of the owner of the car used in the crime, we hold that a rational trier of fact could have found him guilty as a party to the crime charged beyond a reasonable doubt. It follows that the trial court did not err in denying his motion for directed verdict.

2. "A criminal defendant on trial for his liberty is entitled on motion timely made to have an expert of his choosing, bound by appropriate safeguards imposed by the court, examine critical evidence whose nature is subject to varying expert opinion." *Sabel v. State*, 248 Ga. 10 (6) (282 SE2d 61) (1981). However, "[u]nless the discretion of the trial court has been abused, the trial court's decision on a motion to appoint an expert to aid the defense will be affirmed. *Patterson v. State*, 239 Ga. 409, 412 (3) (238 SE2d 2) (1977); *Campbell v. State*, 240 Ga. 352, 355 (3) (240 SE2d 828) (1977)." *Smith v. State*, 245 Ga. 168 (9) (263 SE2d 910) (1980). The record before us shows that the defendant delayed in bringing his motion for independent expert examination of the fingerprint evidence until the day before trial. Under these circumstances, the trial judge properly denied the motion on the basis that it was not timely made. See *Crosby v. State*, 150 Ga. App. 804 (258 SE2d 593) (1979).

3. Usher's contention that the trial court erred in failing to charge on the offense of criminal trespass is also without merit. "Inasmuch as [defendant] defended upon the theory that he was not a party to the crime of burglary charged and was not present, he hardly could raise the lesser included offense of criminal trespass. He cannot legitimately raise an issue by making a claim that he was not there, but he was present with a less serious intent or state of mind." *Tuggle v. State*, 149 Ga. App. 844 (6) (256 SE2d 104) (1979). See also *Wyley v. State*, 169 Ga. App. 106 (2) (311 SE2d 530) (1983).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 16, 1984.

*Robert L. Godwin*, for appellant (case no. 69266).
*Anthony L. Harrison*, for appellant (case no. 69267).
*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney*, for appellee.