### 69894. GETER v. THE STATE.
(331 SE2d 68)

BENHAM, Judge.

1. Appellant was convicted of one count of armed robbery and two counts of robbery by intimidation. There was evidence that appellant and three others broke into an apartment and terrorized the two occupants, robbing one of them. While the intruders were in the apartment, two more people arrived, one of whom was relieved of her purse and its contents, and the other of whom had his jewelry taken from him at gunpoint. Two of the victims, as well as an eyewitness, chose appellant's photograph from a pictorial lineup and identified him in court as the perpetrator of the crimes. This was sufficient evidence for a rational trier of fact to find appellant guilty beyond a reasonable doubt of armed robbery and robbery by intimidation. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA §§ 16-8-40 (a); 16-8-41 (a). While appellant presented alibi witnesses, it was the function of the jury, and not of this court, to determine credibility.

2. Appellant complains that the State was improperly permitted to cross-examine him about his failure to inform investigating officers of his alibi defense. Appellant bases his argument upon the holding in *Doyle v. Ohio,* 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976), where the United States Supreme Court ruled that a defendant's silence after receiving *Miranda* warnings could not be used for impeachment purposes. See *Clark v. State,* 237 Ga. 901 (1) (230 SE2d 277) (1976).

Pretermitting the fact that no objection to the line of questioning was raised at trial (see *Anderson v. State*, 153 Ga. App. 401, 406 (265 SE2d 299) (1980)), we note that appellant testified that he told the arresting officers of his attendance at a party in LaGrange on the night of the incident in question. Thus, appellant did not exercise his right to remain silent after being taken into custody. " 'Such questioning makes no unfair use of silence, because a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent. As to the subject matter of his statements, the defendant has not remained silent at all.' [Cit.]" *Williams v. State*, 165 Ga. App. 72, 75 (299 SE2d 405) (1983). See also *Duncan v. State*, 252 Ga. 255 (2) (312 SE2d 805) (1984).

3. Lastly, appellant asserts that he was improperly limited in his ability to impeach several of the State's witnesses. Appellant wished to have his alleged accomplices, who had pled guilty to the armed robberies, testify that their actions were motivated by the quality of the drugs they had purchased from one of the victims. The trial court prohibited any mention of the sale of drugs.

"A witness may be impeached by evidence as to his general bad character . . . The particular transactions or the opinions of single individuals shall not be inquired of on either side . . . " OCGA § 24-9-84. "[A] witness may not be impeached by showing he has committed, been arrested for, or even indicted for offenses involving moral turpitude. 'It is necessary to introduce an authenticated copy of the record of the court in which he was convicted.' [Cit.]" *Richards v. State*, 157 Ga. App. 601, 603 (278 SE2d 63) (1981). Appellant's efforts to show bad character by means of a specific criminal offense were correctly thwarted.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 2, 1985.

*Kenneth D. Feldman*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.