### 72855. ELDER v. THE STATE.
(349 SE2d 30)

SOGNIER, Judge.

Appellant was convicted of burglary. In his sole enumeration of error he contends the trial court erred by failing to give his requested charge on criminal trespass in its entirety.

Appellant requested that the court give the following charge: "(a) A person commits the offense of criminal trespass when he intentionally damages any property of another without his consent and the damage thereto is $500 or less, or knowing (sic) and maliciously interferes with the possession or use of the property of another person without his consent.

"(b) A person commits the offense of criminal trespass when he knowingly and without authority:

"(1) Enters upon the land or premises of another person . . . for an unlawful purpose." The court gave only the portion of the requested charge designated "(b) (1)" and appellant contends it was error not to give the requested charge in its entirety. We do not agree.

The evidence disclosed that appellant was caught inside the counselling center of the First Baptist Church building in Atlanta, Georgia, on the night of August 1, 1985, and that he had no authority to be in the building. A rear window of the building was broken, a front window was damaged and an interior office window was broken. Appellant denied entering the building or damaging it in any way, testifying that he heard a woman scream and ran up the church steps to investigate.

A criminal defendant cannot legitimately raise the issue of criminal trespass by means of intentionally damaging another person's property without consent when he claims he did not damage the property. See, e.g., *Lowe v. State*, 179 Ga. App. 377 (346 SE2d 845) (1986). Hence, the court did not err by failing to give the requested charge in its entirety, as the trial court is not obligated to give requested charges which are not adjusted to the evidence. *Amerson v. State*, 177 Ga. App. 97, 99 (4) (338 SE2d 528) (1985).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 16, 1986.

*Derek H. Jones*, for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney*, for appellee.