73196. BROOKS v. THE STATE.
(355 SE2d 435)

POPE, Judge.

Appellant Scott Brooks was convicted by a jury of D.U.I. At trial Officer Spratlin, the arresting officer, testified to the following facts surrounding appellant's arrest: At approximately 2:00 a.m. on March 30, 1985, Officer Spratlin observed a grey vehicle traveling northbound on I-85 at a high rate of speed. After he stopped the vehicle, he observed the occupants of the car swap seats so that the "passenger" (Shawn Breakey) was in the driver's seat and the "driver" (appellant) was in the passenger seat. Officer Spratlin testified that he was approximately 10 feet away when he observed the swap, and that the inside of appellant's car was well lit by the lights from his car. Both appellant and Breakey testified that Breakey, not appellant, had been driving at the time the car was stopped. They also made this statement to Officer Spratlin at the time of arrest.

1. Appellant first enumerates as error the trial court's denial of his motion for a new trial. Appellant made a general *Brady* motion prior to trial. See *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). The trial court reviewed the State's documents and apparently concluded there was nothing exculpatory in the files. According to appellant, however, there was contained in the files a "book in" photograph of appellant showing that at the time of his arrest appellant had on a dark colored jacket. Officer Spratlin testified: "I observed at that time that the Defendant was wearing, it looked to me, a tan colored coat at the time, and had a light colored tone of hair. The driver — the passenger of the vehicle had a dark colored hair, jet black hair and a dark colored jacket. And I observed

both the subjects swapping seats." Appellant contends that the photograph was exculpatory because it showed he had on a dark, not light colored jacket.

"The holding in *Brady v. Maryland* requires disclosure only of evidence that is both favorable to the accused and 'material either to guilt or punishment.' [Cits.] 'A fair analysis of the holding in *Brady* indicates that implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial.'" *United States v. Bagley*, 473 U. S. ___ (105 SC 3375, 87 LE2d 481, 489) (1985). "Impeachment evidence, . . . as well as exculpatory evidence, falls within the *Brady* rule. [Cits.] Such evidence is 'evidence favorable to an accused,' [cit.], so that, if disclosed and used effectively, it may make the difference between conviction and acquittal. [Cits.]" 87 LE2d at 490.

We next turn to a consideration of what constitutes material evidence under *Brady*. When a defendant makes a general *Brady* motion as defendant did in the present case, "such a request really gives the prosecutor no better notice than if no request is made. In such a case, the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial. The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense." (Citations and punctuation omitted). *Wallin v. State*, 248 Ga. 29, 33 (279 SE2d 687) (1981). " '(I)f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial.' [Cit.] . . . The '(d)efendant . . . has the burden of showing that the evidence withheld from him so impaired his defense that he was denied a fair trial within the meaning of the *Brady* [r]ule.' *Potts v. State*, 241 Ga. 67, 74 (243 SE2d 510) (1978)." *Wallin*, supra at 33.

We have examined the record in the present case and conclude that appellant has not met his burden of proof of showing both the materiality and the favorable nature of the evidence sought. Officer Spratlin testified only that "it looked to me" that appellant was wearing a light colored jacket. He also testified that he was not sure who crawled over whom. Officer Spratlin's testimony concerning the occupants of the car swapping seats was otherwise unequivocal. Both appellant and Breakey directly contradicted Officer Spratlin's testimony that appellant had been driving the car at the time of the arrest. The question of credibility of witnesses is for the jury's determination. *Gilreath v. State*, 247 Ga. 814 (14) (279 SE2d 650) (1981). Accord-

ingly, we hold that the trial court did not err in denying appellant's motion for a new trial. See, e.g., *Glenn v. State*, 255 Ga. 533 (2) (340 SE2d 609) (1986); *Albert v. State*, 180 Ga. App. 779 (4) (350 SE2d 490) (1986); *Lee v. State*, 177 Ga. App. 698 (3) (340 SE2d 658) (1986).

2. Appellant also contends that the trial court erred in quashing his subpoena for the production of documentary evidence. The record shows that appellant, using a blank, pre-signed form, issued a subpoena for the production of documentary evidence to the DeKalb County Department of Public Safety for Officer Spratlin's application for employment, personnel file and "all records indicating Officer W. D. Spratlin's whereabouts and actions on March 29 and 30, 1985." After the records were inadvertently delivered to the trial judge's chambers, the trial court, after ascertaining the nature of the documents, but without reviewing same, ordered the records returned to their point of origin.

During the trial, appellant's counsel asked Officer Spratlin if he had stolen from his former employer. Counsel for the State objected, and prior to the jury being sent out, stated: "I believe if he stole from his employer he would not be a police officer today." Appellant contends that this statement "made defendant's application for work with the police department an issue." The trial court, however, ruled that the officer's personnel file was inadmissible on this issue and held that "in order to impeach the witness you are going to have to show a conviction, a certified copy of any conviction you have."

We find no error in the trial court's refusal to admit Officer Spratlin's personnel file into evidence. In *Richards v. State,* 157 Ga. App. 601 (2) (278 SE2d 63) (1981), we held that " 'a witness cannot be discredited even by his own testimony that he was convicted of a crime involving moral turpitude. It is necessary that a copy of the record of conviction be introduced. (Cit.) Accordingly, the testimony of a witness that he has done some act that the law makes a crime is not a legal method of impeachment.' [Cit.]" Id. at 602; see also *Geter v. State*, 174 Ga. App. 694 (3) (331 SE2d 68) (1985).

3. Appellant also contends that the trial court's instruction to the jury to disregard defense counsel's question concerning Officer Spratlin's alleged theft from a previous employer left the jury with the impression that counsel had falsely accused the arresting officer. We find this enumeration to also be without merit. By not objecting to the trial court's statement at trial, appellant has waived his right to object on appeal. See *Willis v. State*, 249 Ga. 261 (4) (290 SE2d 87) (1982); *Baxter v. State*, 176 Ga. App. 154 (6) (335 SE2d 607) (1985). Moreover, we do not believe that the court's statements could have been taken by the jury as an expression or intimation of the court's opinion.

4. Appellant also enumerates as error the trial court's failure to

instruct the jury that impeachment for theft could only be proven by a certified copy of the conviction. We have reviewed the record and do not agree with appellant that such a charge was warranted under the facts of this case. A charge which is not applicable to the facts or adjusted to the evidence should not be given. See *Elder v. State*, 180 Ga. App. 295 (349 SE2d 30) (1986); *Todd v. State*, 149 Ga. App. 574 (2) (254 SE2d 894) (1979).

5. In support of his fifth enumeration, appellant points to the following: "The trial was continued from two previous terms because the arresting officer did not appear. Surely, in view of the totality of his testimony (and that in conflict therewith), it was appropriate to question him why he had not appeared for trial at such times — when appellant and Mr. Breakey had appeared so many times." We have considered appellant's enumeration and argument in support thereof and find it to be totally devoid of merit.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 9, 1987 —
REHEARING DENIED MARCH 13, 1987 — 

*R. John Genins*, for appellant.
*Ralph T. Bowden, Solicitor, Susan L. Warshauer, Elliott A. Shoenthal, Assistant Solicitors*, for appellee.