A02A1614. SNIPES v. THE STATE.
(572 SE2d 62)

RUFFIN, Presiding Judge.

A jury found Christopher Snipes guilty of criminal attempt to commit burglary. In his sole enumeration of error, Snipes asserts that the trial court erred in denying his request to charge the jury on criminal trespass as a lesser included offense. Because the evidence did not support the charge, we affirm the trial court's ruling.

The evidence showed that the victim of the attempted burglary was a Ms. Sullivan. On the day of the incident, Fred Reynolds, a relative of Sullivan, was driving by the house and noticed that a car was parked in her carport. Although Reynolds continued driving to his own house nearby, after calling his father-in-law and learning that

nobody had a reason to be at Sullivan's house, he returned to investigate the car's presence.

When Reynolds arrived at Sullivan's house, the car was still there, but it was now backed into the carport with a man in the driver's seat, and another man was at the front door with the storm door pulled open. When Reynolds drove into Sullivan's driveway, the man at the front door immediately went to the car in the carport and the car started to leave. As the two men were driving past Reynolds, he asked if he could help them, and one of the men responded that they " 'were just turning around.' " Reynolds was unable to identify either of the individuals because both had stocking hats pulled down on their heads, but he recorded the license plate number on their car as they left the driveway.

Upon further investigation, Reynolds discovered that the door frame surrounding Sullivan's front door had been "pushed in." Reynolds reported the incident to the police and provided the license plate number. Detective Jason Bolton discovered the license tag was registered to a car owned by Snipes' mother.

Bolton spoke with Snipes, who admitted being present at Sullivan's house. Snipes told Bolton — and testified at trial — that he met the other man, whom he knew only as Mike, in front of a record store. According to Snipes, Mike paid him $20 to drive Mike to Sullivan's house. When they arrived, Mike told Snipes to turn the car around in the driveway and wait for him. Snipes thought Mike was visiting with his aunt, and when Reynolds arrived, Mike got back in the car and told Snipes to leave. Snipes claimed that, as they passed Reynolds in the driveway, he merely followed Mike's instructions and pretended that they were turning around because they were at the wrong house. Snipes testified that he was unaware Mike was attempting to burglarize the house.

A grand jury indicted Snipes for attempted burglary. At trial, Snipes requested the court to charge the jury on criminal trespass as a lesser included offense. The written request provided: "A person commits the offense of criminal trespass when he intentionally damages any property of another without his consent and the damage thereto is $500.00 or less *and* knowingly and maliciously interferes with the possession or use of the property of another without his consent."[1]

Although criminal trespass may be a lesser included offense of attempted burglary,[2] where there is no evidence supporting a requested jury charge on the lesser offense, a trial court does not err

---

[1] (Emphasis supplied.)

[2] See *Moore v. State*, 197 Ga. App. 9, 10 (1) (397 SE2d 477) (1990); *Fullewellen v. State*, 127 Ga. App. 568, 569 (194 SE2d 275) (1972).

in rejecting the request.[3] Although Snipes contends that the charge was merited because it showed that the door frame was damaged, he has pointed to no evidence concerning "the amount of damage done [to] the door and whether it was more or less than [$500]."[4] Without such evidence, Snipes could not have been convicted of criminal trespass, and the trial court did not err in rejecting his requested charge on the offense.[5]

Furthermore, Snipes' written request was not an accurate statement of the law. Although the request largely tracked the language of OCGA § 16-7-21 (a), it deviated from that Code subsection in one significant respect. That subsection defines two ways a person can commit criminal trespass: either by damaging property *or* by maliciously interfering with the possession or use of property.[6] By joining these alternatives with "and," instead of "or," as used in the subsection, Snipes' requested instruction improperly reflected that they were multiple elements of a single definition of the crime. Accordingly, the trial court could have rejected the request on this ground as well.[7]

*Judgment affirmed. Barnes, J., and Pope, Senior Appellate Judge, concur.*

DECIDED OCTOBER 3, 2002.

*Lloyd J. Matthews*, for appellant.
*Tommy K. Floyd*, District Attorney, *Sandra A. Graves*, Assistant District Attorney, for appellee.

---

[3] See *Vaughan v. State*, 210 Ga. App. 381, 384 (4) (a) (436 SE2d 19) (1993).

[4] *Fullewellen*, supra; see also OCGA § 16-7-21 (a) (increasing amount of damage to $500 or less).

[5] See id.; see also *Matthews v. State*, 224 Ga. App. 407, 409 (2) (481 SE2d 235) (1997); *Vaughan*, supra.

[6] See OCGA § 16-7-21 (a).

[7] See *Green v. State*, 240 Ga. App. 774, 778 (3) (525 SE2d 154) (1999) ("a request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper") (punctuation and emphasis omitted).