A08A0854. WILLIAMS v. THE STATE.
(665 SE2d 910)

JOHNSON, Presiding Judge.

After a jury trial, Stanley Williams was convicted of burglary. He appeals, challenging the sufficiency of the evidence and the trial

---

court's refusal to give a requested jury charge. The challenges are without merit, and we thus affirm Williams' conviction.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict and the appellant no longer enjoys a presumption of innocence.[1] Moreover, we do not weigh the evidence or determine the credibility of witnesses, but determine only if there is sufficient evidence from which a rational trier of fact could find the accused guilty of the charged crime beyond a reasonable doubt.[2]

Viewed in favor of the verdict, the evidence shows that at noon on October 6, 2006, Randall Smith was asleep in his apartment bedroom. He was awakened when he heard someone call his name, followed by the sound of someone trying to get in through a sliding glass door on the apartment patio. Smith then heard the bathroom window rattling and shaking. He began to get out of bed, and as he did so, a fist smashed through the window above his bed. The intruder reached his other hand inside to lift the window blinds and then stuck his head in through the broken window. At that point, Smith recognized the intruder as Williams, whom Smith had previously hired to work on his landscaping crew.

Smith went outside and met Williams, who claimed that he had tripped over a rock and fallen into the window. Williams later told the same story to a police officer investigating the incident. According to the officer, the rock was located about five or six strides away from the window and the glass of the window was almost at head level.

A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters the dwelling house of another.[3] In the instant case, the jurors were not obligated to believe Williams' claim that he had tripped and fallen into the window. Rather, "[i]t is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient."[4] Here, the evidence was sufficient to authorize the jury to find beyond a reasonable doubt that Williams, without authority, broke the window on purpose and entered Smith's apartment with the intent to commit a theft or felony inside it.[5]

---

[1] *Price v. State*, 283 Ga. App. 564 (1) (642 SE2d 191) (2007).

[2] *Fields v. State*, 285 Ga. App. 345, 346 (646 SE2d 326) (2007).

[3] OCGA § 16-7-1 (a).

[4] (Citation omitted.) *Brooks v. State*, 281 Ga. 514, 516 (1) (640 SE2d 280) (2007).

[5] See *Sweeder v. State*, 246 Ga. App. 557, 558-559 (1) (541 SE2d 414) (2000); *Littleton v. State*, 225 Ga. App. 900, 902 (3) (485 SE2d 230) (1997).

2. Williams contends the trial court erred in rejecting his request that the jury be given the following charge on criminal trespass as a lesser included offense of burglary: "A person commits the offense of criminal trespass when that person intentionally damages any property of another person without that person's consent, and the damage to it is $500 or less."

Criminal trespass may, under certain circumstances, be a lesser included offense of burglary.[6] However, "where there is no evidence supporting a requested jury charge on the lesser offense, a trial court does not err in rejecting the request."[7] In the instant case, although there is evidence that Smith's apartment window was damaged, there is no evidence concerning the amount of damage done to the window and whether it was more or less than $500. Without such evidence, Williams could not have been convicted of criminal trespass, and thus the trial court did not err in rejecting his requested charge on that offense.[8]

Moreover, "where the evidence demonstrates commission of the completed offense as charged or that there was no criminal offense committed, the trial court is not required to charge on a lesser included offense."[9] In this case, the evidence demonstrated either the commission of the burglary as charged or that there was no crime committed because, as Williams claimed, he accidentally fell into the window. Accordingly, it was not error for the trial court to refuse to charge the jury on criminal trespass as a lesser included offense of burglary.[10]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED JULY 18, 2008.

*Thomas O. Humphries, Jr., Daniel R. Partain*, for appellant.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.

---

[6] See *Evans v. State*, 288 Ga. App. 304, 308 (1) (653 SE2d 503) (2007).

[7] (Citation omitted.) *Snipes v. State*, 257 Ga. App. 713, 714-715 (572 SE2d 62) (2002).

[8] Id. at 715.

[9] *Moore v. State*, 283 Ga. 151, 154 (2) (656 SE2d 796) (2008).

