## A09A0171. HERBERT v. THE STATE.
### (681 SE2d 245)

PHIPPS, Judge.

Angelo Herbert was indicted for burglary and following a jury trial, was convicted. He was sentenced to serve ten years, five in confinement and the remainder on probation. He claims that the trial court erred by failing to instruct the jury on criminal trespass and by granting the state's motion in limine, thereby denying him the right to thoroughly cross-examine the state's witnesses. Finding no reversible error, we affirm.

The evidence showed that late one evening in October 2004, Justin Merrell was at home working on his computer, and his roommate was sleeping on the couch. Merrell heard the doorbell ring a few times and looked out the front window where he saw someone he did not know, a tall black male with long dreadlocks, coming down the stairs by the front door. He also saw a white car repeatedly

---

passing in front of the house. Merrell then heard someone talking on a cell phone and saw the man going around the house. He told his roommate what he had seen, and they both went and retrieved their guns. They then heard a loud noise, and Merrell followed his roommate toward the noise, which was coming from the basement office.

Merrell's roommate, who owned the house, saw the back door knob "jiggling." As he entered the office, he saw someone with long hair lift the blinds and start coming through the window, which had been closed and covered by a screen. He told the person to stop, and when he did not do so, Merrell's roommate fired his gun three times at the intruder. He then called 911.

The first responding officer found a blood trail leading from the office window to the road and found a bent window screen on the ground. He requested that his dispatchers check with local hospitals to see whether any had admitted a gunshot victim and relayed Merrell's description of the intruder and the white car. North Fulton Hospital responded that an individual matching the description had arrived with a gunshot wound. A hospital visitor saw a white compact car drive toward the emergency door and let out a "tall, slender African American with dreadlocks." The visitor later described the driver to police officers, which enabled them to locate that person. An investigator went to the hospital and saw Herbert in the emergency room with a bullet wound to his face and an injury to his arm, but was not able to speak to him.

The driver of the white car, Michael Smith, testified at trial that he had driven Herbert to the house that night, but said he did not know why Herbert wanted to be taken there. When Herbert came back to the car, he told Smith that he had been shot, and Smith drove him to North Fulton Hospital.

Herbert testified that, earlier that day, he bought marijuana from Merrell's roommate, through a mutual friend, and that he had paid $50, but had only received $30 worth of marijuana. He went to the house because he had been "shorted." Herbert testified that he had attended high school with Merrell's roommate and that he had been to his house on two prior occasions, since high school, to get marijuana. When Herbert arrived on the night in question, he rang the doorbell several times and knocked on the door. He could discern that people were inside so he walked around to the back of the house to get their attention. Herbert opened the unlocked office window and tried to pull himself up to look into the window. As he was doing so, he was shot in the face and the arm.

1. Herbert contends that the trial court should have instructed the jury on criminal trespass.

Relying on *Hiley v. State*,[1] Herbert argues that criminal trespass is a lesser included offense of burglary and that the trial court should have so instructed the jury. In *Hiley*, the court held that, under the facts of that case, criminal trespass as defined in OCGA § 16-7-21 (b) (1)[2] was a lesser included offense of burglary.[3] But Herbert did not submit a written request to charge the jury on OCGA § 16-7-21 (b) (1). And a trial judge does not err in failing to instruct the jury on a lesser included offense where there is no written request to so charge.[4]

Herbert did submit written requests to charge other methods of committing criminal trespass, based on OCGA § 16-7-21 (a) and (b) (3). Pursuant to OCGA § 16-7-21 (a), criminal trespass can be committed either by intentionally damaging "any property of another without consent of that other person and the damage thereto is $500.00 or less" or by knowingly and maliciously interfering "with the possession or use of the property of another person without consent of that person." Herbert's requests to charge consisted merely of a pattern jury instruction number followed by the title of the instruction and did not indicate which method of criminal trespass he intended. At the charge conference, however, Herbert's counsel told the court that the defense wanted the charge on intentional property damage to address the damage done to the window screen.

But where there is no evidence supporting a requested jury charge on a lesser included offense, a trial court does not err in rejecting the request.[5] Although Herbert argues that the charge was warranted because the evidence showed that the window screen was damaged, he has pointed to no evidence concerning the amount of damage done to the screen and whether it was more or less than $500. "Without such evidence, [Herbert] could not have been convicted of [that method of] criminal trespass, and the trial court did not err in rejecting his requested charge on the offense."[6] Further, Herbert denied any intent to damage the screen and implied that it may have been damaged when he landed on it after he was shot.[7]

---

[1] 245 Ga. App. 900 (539 SE2d 530) (2000).

[2] OCGA § 16-7-21 (b) (1) pertinently provides that a person commits the offense of criminal trespass when he or she knowingly and without authority enters upon the land or premises of another for an unlawful purpose.

[3] *Hiley*, supra at 900-901.

[4] *Gadson v. State*, 264 Ga. 280, 281 (2) (444 SE2d 305) (1994).

[5] *Snipes v. State*, 257 Ga. App. 713, 714-715 (572 SE2d 62) (2002).

[6] Id. at 715 (citations omitted).

[7] See *Elder v. State*, 180 Ga. App. 295 (349 SE2d 30) (1986) (defendant cannot legitimately raise issue of criminal trespass by means of intentionally damaging another person's property without consent when he claims he did not damage the property).

Herbert does not specifically challenge the trial court's failure to give the requested charge under OCGA § 16-7-21 (b) (3), which pertinently provides that a person commits criminal trespass by remaining on the land or premises of another person after receiving notice from the owner to depart. Nonetheless, Herbert denied that he heard anyone tell him to stop when he was at the window, thereby denying receiving notice from the owner to depart the premises. Thus, he could not legitimately raise the issue of criminal trespass under OCGA § 16-7-21 (b) (3).[8]

2. Prior to trial, the state moved to exclude any mention of evidence police officers obtained after searching the burglarized house. The state represented that the officers found marijuana in the house and that Merrell and his roommate admitted that they had engaged in buying marijuana and selling it to their friends. They were both arrested and pled guilty to charges stemming from that behavior. The state argued that the facts and circumstances of their arrests were irrelevant and constituted improper character evidence. The court ruled that it would limit character evidence about Merrell and his roommate unless the state opened the door or Herbert testified and his testimony made it relevant that marijuana was found in the house.

After Herbert testified, his counsel stated that he wanted to recall the detective who investigated the crime scene and to introduce photographs showing marijuana in the house. The court revised its prior ruling and allowed the defense to recall the detective but did not allow Herbert to introduce photographs of the marijuana found in the house.

On recall, the detective testified that he had obtained consent to search the residence and found marijuana in two of the upstairs bedrooms, in a table on the mid-level and in a desk in the basement. He and other officers found multiple smoking devices, postal-type scales and sandwich-size plastic bags inside the house. He also assisted in the search of two vehicles in the garage where they found marijuana, a smoking device and a container used to store marijuana. They found more marijuana in a duffel bag in the garage. The detective testified that the amount they found was more than someone would keep solely for personal use.

Although Herbert contends that his cross-examination of the detective was unduly limited, he did not attempt to ask the detective additional questions at trial that were not answered or to offer such testimony at the motion for new trial hearing. The evidence he

---

[8] See generally *Elder*, supra; *Lowe v. State*, 179 Ga. App. 377 (1) (346 SE2d 845) (1986) (defendant cannot legitimately raise criminal trespass issue by claiming he was not present).

argues he would have introduced — that he had been to the house before, that he knew the burglary victims and that he had purchased marijuana that they were in the business of distributing — was admitted at trial through testimony of other witnesses.

Herbert did renew his objection to the trial court's refusal to allow the photographs, but the record before this court does not include the photographs in question. Further, the transcripts do not show that the photographs were tendered or otherwise made a part of the record at trial or at the motion for new trial hearing. Because this court's decisions must be made on the record available to us from the clerk of the court below and not upon the briefs of counsel, Herbert's claim regarding the exclusion of the photographs presents nothing for review.[9]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JULY 9, 2009.

*Vic Wiegand*, for appellant.
*Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.

---

[9] See *Collins v. State*, 248 Ga. 687, 689 (2) (286 SE2d 8) (1982).