### BEACH v. THE STATE.

FISH, C. J. 1. While a witness may be discredited by proper proof that he has been convicted of a crime involving moral turpitude (*Powell* v. *State,* 122 *Ga.* 571 (50 S. E. 369)), it is not competent to discredit him by showing that he has been simply indicted for such an offense (*Slappey* v. *Sumner,* 136 *Ga.* 692 (71 S. E. 1075)), and a mere arrest being a less formal and solemn charge, proof of it is so much the more inadmissible for such purpose. 7 Enc. Ev. 308, and cases cited in note 24.

(a) Accordingly, on a trial for murder it was error to permit a witness for the accused to testify on cross-examination, and over appropriate objection of the accused, as follows: "I have been arrested for lots of things—for fishing out of season—once for assault with intent to murder. Common little warrants from the magistrate don't count. They only count that come up here. The common warrants were for fishing out of season. . . I was not up for shooting in the charge for assault with intent to murder against me. They claimed I hit one man with a bottle. No one saw it. . . One fellow said I did it, and he could not prove it. No witnesses saw it. About three or four fellows waylaid him, fellows from town."

2. On the trial of one indicted for murder, the declarations of another person that he alone committed the offense are not admissible in evidence in favor of the accused. *Robinson* v. *State,* 114 *Ga.* 445 (40 S. E. 253).

3. Though a party may, under the Civil Code, § 5879, impeach his own witness if he can show to the court that he has been entrapped by the witness by a previous contradictory statement, the rule does not apply where the testimony of a witness is not prejudicial to the party calling him. *Nathan* v. *State,* 131 *Ga.* 48 (61 S. E. 994), and authorities cited.

(a) Accordingly, where a witness for the State, on a trial for murder, testified that he was present when the deceased was shot and killed, and

that "I did not shoot him. I don't know exactly who shot him. The pistol-shot came from where Jesse [the accused] and some other fellows were standing. A good many were standing there. I can not say from whom the pistol-shot came," it was error, upon the statement of the solicitor-general that he had been entrapped by the witness, to allow him to question the witness as to alleged contradictory statements made to the solicitor, for the purpose of laying the foundation for impeaching him, and to substantially prove by another witness for the State that the witness whom it was sought to impeach had previously stated to the solicitor-general that the shot that killed the deceased came from the accused.

(b) Such error was not cured by an instruction of the court to the jury that the testimony of the impeaching witness as to what was said by the witness so attacked was not to be considered as proving facts that the solicitor-general thought that the assailed witness would testify to, " but merely to show, if it does show, that the solicitor-general was imposed upon or entrapped by the witness [sought to be impeached]— otherwise he would not have put him upon the stand. That is the purpose of it."

4. On a trial for murder, where the contention of the accused was that he did not commit the homicide and that he was in no way concerned in it, it was not accurate to instruct the jury as follows: "Where a homicide was shown to have been committed, and no circumstances of extenuation or palliation were disclosed at the time of proof of the homicide, then a presumption arises that the killing was murder, and the burden would be upon the defendant to show that the offense committed under those circumstances was some less degree of crime or none at all." No presumption arises against the accused under the circumstances indicated, unless it be shown that he committed the homicide. The error in the instruction was not sufficiently cured by the fact that it was immediately followed by this language "When you reach the conclusion that murder has been committed, the question then remains whether the defendant is the one who committed the murder."

5. Other assignments of error are without merit, and do not require further consideration.

*Judgment reversed. All the Justices concur.*

June 12, 1912.

Indictment for murder. Before Judge Charlton. Chatham superior court. April 10, 1912.

*David S. Atkinson,* for plaintiff in error. *T. S. Felder, attorney-general,* and *W. C. Hartridge, solicitor-general,* contra.