### 27818. DAVIS *v.* THE STATE.

DECIDED OCTOBER 18, 1939.

*Howard, Tiller & Howard, John H. Hudson,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews,* contra.

GUERRY, J. 1. Testimony of a witness who swears to transactions with the defendant in reference to payment by him to the defendant of money as a part of a bribery scheme, and of making a daily record of such transactions, was not objectionable on the

ground that such record was the best evidence. The witness was not testifying as to the contents of a writing, but merely that he had put into writing an account of his actions.

2. It was proper to exclude testimony offered to show that the witness had been *indicted* for murder but not convicted, as a basis for his impeachment. *Wheeler* v. *State*, 4 *Ga. App.* 325 (2) (61 S. E. 409) ; *Gardner* v. *State*, 81 *Ga.* 144 (7 S. E. 144) ; *Beach* v. *State*, 138 *Ga.* 265 (75 S. E. 139). Testimony by which it is sought to go into the details of the transactions on which the indictment was found, having no relation to the case on trial and offered merely for impeachment purposes, is clearly inadmissible. *Andrews* v. *State*, 118 *Ga.* 1 (43 S. E. 852) ; *Rudulph* v. *State*, 16 *Ga. App.* 353 (85 S. E. 365) ; *Taylor* v. *State*, 17 *Ga. App.* 787 (88 S. E. 696) ; *Johnson* v. *State*, 61 *Ga.* 305.

3. A witness for the defendant was asked the question: "Now, I will ask you if you know the general reputation of Railroad Davis [the defendant] for sobriety?" Objection was interposed, that this is not the statutory question, that "general reputation in the community in which he lives and whether it was good or bad," is the statutory method, and that reputation for a specific trait is not admissible in behalf of the party who offers the witness. Counsel contended, that, inasmuch as the State had introduced testimony that the defendant had frequently been given quantities of liquor in pint bottles, he expected to show by this answer that the defendant was not a drinking man. It is undoubtedly true in this State, that if the defendant sought by this testimony to put his character in evidence, the objection was properly sustained. *Barnwell* v. *Hannegan*, 105 *Ga.* 396 (31 S. E. 116) ; *Surles* v. *State*, 89 *Ga.* 167 (5) (15 S. E. 38). The defendant contends that the provision of law, "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct" (Code, § 38-202), is applicable, and cites the following civil cases as illustrative thereof: *Planters & Miners Bank* v. *Neel*, 74 *Ga.* 576; *McClure* v. *State Banking Co.*, 6 *Ga. App.* 303 (65 S. E. 33) ; *Boatwright* v. *Heirs of Porter*, 32 *Ga.* 130; *DuBose* v. *DuBose*, 75 *Ga.* 753. A somewhat different rule is applicable in criminal cases. The State may not attack the character of the defendant

774

until the defendant himself puts it in issue. The statutory questions for this purpose are well defined. If the defendant relies on good character, it must be general good character. He can not offer it for attack on one ground alone, as, for instance, sobriety. Testimony may be relevant as pointed out in the Code, §§ 38-201, 38-202, and yet not always be admissible. Character evidence in criminal cases is not admissible for the State, or in issue, except where the defendant first puts it in issue. It however may have such weight of itself as to generate a doubt as will prevent conviction. Under the facts shown by the evidence for the State, the defendant received liquor as a bribe. He was not under indictment on a liquor charge of any kind. General good character might be shown in his defense, but not a special trait alone. A witness whom it is sought to impeach because of bad character must be shown to be of general bad character; special acts are not admissible. *Johnson* v. *State,* 61 *Ga.* 306 (2). The defendant may show, if he can, that as a matter of fact he did not receive any liquor, as testified to by the State's witnesses. Such a showing by the defendant would not authorize the State to sustain its witnesses by proof of their general good character. *Miller* v. *Western & Atlantic Railroad Co.,* 93 *Ga.* 480 (21 S. E. 52); *Stevenson* v. *State,* 69 *Ga.* 68.. A defendant in a criminal case who relies for a defense on his character must rely on general good character, and not on a particular trait alone.

4. The remaining assignments of error are without merit. It was irrelevant to show that the defendant had made arrests in the other whisky cases. The fact that he did not connive with some bootleggers was not relevant to disprove his guilt as charged; neither was the fact that during his service as a police officer he had seized large quantities of liquor relevant to disprove his guilt as alleged.

5. The evidence supported the verdict. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*