## 50872. DURRETT v. THE STATE.

PANNELL, Presiding Judge.

Appellant was convicted of criminal trespass and inciting to riot and was sentenced to twelve months imprisonment on each count. He appeals the judgment

and sentence.

The evidence shows that on the night of August 14, 1974, Officer Swilling stopped his patrol car at a washerette to talk with a man about a missing tape player. As Swilling began driving away, a bottle hit the back of his car and burst. Swilling testified that every time a patrol car drove through this area someone in the crowd, gathered at the washerette, would throw a bottle at the car. He therefore decided to break up the crowd and called another patrol car to assist. It arrived, and Swilling asked the crowd to leave. He testified that the appellant initially refused to leave, then told the crowd to come across the street into his yard and if the officers came into his yard, they would "give them hell."

After the appellant and several others had crossed the street, Swilling testified that several shots were fired from the direction of appellant and that he heard one bullet strike his patrol car. There was conflicting testimony as to whether the appellant fired the bullet which allegedly struck the patrol car.

1. Appellant alleges error in the trial court's overruling his demurrer to the accusation. He contends that there was no affidavit to support the accusation and that without such affidavit the whole trial was a nullity. *Scroggins v. State,* 55 Ga. 380 (3). The record discloses affidavits for arrest warrants which would support the charges in the accusation. Appellant argues that these affidavits were made for the purpose of issuing a warrant and not to support any accusation. This contention does not affect the validity of the accusation since the same affidavit upon which the arrest warrant is issued may be the basis of the accusation. *Dickson v. State,* 62 Ga. 583. Further, it was sufficient that the affidavit only named the offense without describing the way in which it was committed or its character with any degree of particularity. *Murray v. State,* 30 Ga. App. 641 (1) (118 SE 760).

2. Appellant's enumerations of error 4 through 10 relate to the trial judge's permitting the jury to leave the courtroom to examine the police car, which was allegedly struck by a bullet. The prosecutor stated that defense counsel, through cross examination of an officer, had

created doubt as to whether the car door had been struck by a bullet. He requested that the jury be permitted to view the automobile to clear up the doubt. The judge allowed the jury accompanied by only the bailiff, to proceed to the front of the courthouse to view the car in question. The judge, defendant and defense counsel remained in the courtroom.

(a) While the jurors were viewing the automobile, the defendant remained in the courtroom out of the sight and hearing of the jury and within the custody of the law. Defendant made no waiver of his right to be present when the jury inspected the automobile. This procedure was error because the defendant was deprived of his right to be present at every stage and proceeding of his trial. *Chance v. State,* 156 Ga. 428, 433 (119 SE 303). Because appellant was deprived of this important right, he is entitled to a new trial.

(b) Appellant objected to the viewing of the automobile on numerous grounds. All but one of the objections were without merit. Appellant objected to the introduction of the car into evidence with no showing that the car door was in the same condition as it was immediately after the alleged occurrence. The purpose of the jury's viewing the car was to examine the right front door for an indentation allegedly made by a bullet on the night in question. Since the condition of the car door as it existed August 18, 1974, was the purpose for which the car was to be examined, it was necessary that the state show that the car door was in substantially the same condition as on the night in question. See *Stamps v. Newton County,* 8 Ga. App. 229 (68 SE 947). Accordingly, the court erred in overruling defendant's objection.

(c) Appellant's remaining enumerations of error concerning the view of the automobile pertain to statements by the trial judge which allegedly prejudiced appellant's case. As this case is being remanded for a new trial, and as any such improper statements are not likely to occur again, it is not necessary to pass on these enumerations of error.

3. On cross examination of a witness testifying on behalf of appellant, the state asked the witness if he had ever paid a fine at city hall. Defense counsel objected, but

the court allowed the witness to answer, stating that the prosecution could ask if the witness had ever been convicted of a crime. The witness answered, "Yes, sir. They locked me up for public drunk." Appellant contends that this was an improper effort to impeach the witness. We agree.

A witness cannot be impeached nor his testimony discredited by proof that he was convicted of "public drunk," in that this is not a crime involving moral turpitude. See *Groves v. State,* 175 Ga. 37 (164 SE 822). Further, a witness cannot be discredited even by his own testimony that he was convicted of a crime involving moral turpitude. It is necessary that a copy of the record of conviction be introduced. *Rewis v. State,* 109 Ga. App. 83 (134 SE2d 875). Accordingly, the testimony of a witness that he has done some act that the law makes a crime is not a legal method of impeachment.

4. Defense counsel objected to the prosecutor's reading a particular circular into evidence. As the basis for his objection, the defendant offered into evidence a motion to suppress, filed in another case against defendant. The judge overruled the objection, noting that no motion to suppress had been filed in the present case.

Defense counsel had made no objection to the evidence other than presenting a motion to suppress from another case, which made no reference to the circular in either the motion or the attached warrant and return. The judge committed no error in overruling this objection.

5. Appellant's enumerations of error 3, 11 and 13, relate to matters which are not likely to occur again. As this case is being remanded for a new trial, it is not necessary to pass on these enumerations of error.

6. Other assignments of error not specifically dealt with are without merit.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED JUNE 26, 1975 — DECIDED SEPTEMBER 3, 1975 — REHEARING DENIED SEPTEMBER 19, 1975 —

*William O. Carter,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.