## 53859. GRANT v. THE STATE.

McMURRAY, Judge.

Defendant was indicted and convicted of selling heroin. Defendant appeals. *Held:*

The sole ground of this appeal arises out of the refusal of the court to allow the examination of state's witnesses with regard to a pending criminal charge against one William Dowdell. Dowdell, an informant working with the police, testified that the defendant approached him, offered to sell him heroin, and shortly thereafter sold him some heroin.

Here, the state's case depended heavily on Dowdell's testimony. Dowdell's credibility as a witness was therefore an important issue in the case and evidence of any expectation of leniency in regard to a future prosecution would be relevant to his credibility, and the jury was entitled to know of it. Giglio v. United States, 405 U. S. 150 (92 SC 763, 31 LE2d 104). The defendant's attorney was allowed to cross examine Dowdell and the police officers, presented as state's witnesses, at length upon the subject of whether there had been any favors done for Dowdell in the past or any promises of future

leniency. The testimony elicited from one of the police officers on cross examination revealed that the police officer considered Dowdell's general character to be bad; that Dowdell had been arrested and that Dowdell was at that time the subject of a police investigation. The court allowed a complete and sifting cross examination as to all matters relevant to Dowdell's motive in assisting the police.

In three separate instances the defense counsel attempted to elicit testimony relating to a pending drug charge against Dowdell. Defendant insisted that such evidence should be admitted not to impeach Dowdell's testimony, but to show his conduct and his motive in working with police. But the defense counsel had been allowed to question the state's witnesses (including Dowdell) upon the subject of promises by law enforcement officers to Dowdell in exchange for his cooperation. The relevancy of the pending drug charge against Dowdell could only have gone to impeachment of Dowdell by showing previous acts of misconduct. The trial court did not err in refusing to allow defense counsel to use this improper method of impeachment. "While a witness may be discredited by proof of general bad character or conviction of a crime involving moral turpitude, it is not competent to discredit him [a witness] by showing that he has committed, been arrested for, confined for, or even indicted for such an offense. . . Furthermore, a witness cannot be discredited even by his own testimony that he had been convicted of a crime involving moral turpitude. It is necessary to introduce an authenticated copy of the record of the court in which he was convicted." *McCarty v. State,* 139 Ga. App. 101 (1) (227 SE2d 898). See also *Herrin v. State,* 138 Ga. App. 729, 731 (6) (227 SE2d 498).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED MAY 2, 1977 — DECIDED JUNE 21, 1977.

*Clayton Jones, Jr.,* for appellant.
*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.