## 54270. JOHNSON v. THE STATE.

Bell, Chief Judge.

Defendant was convicted of robbery by intimidation. *Held:*

1. The assistant district attorney during his cross examination of one of defendant's witnesses was permitted over objection to show that this witness was then confined in the local county jail. The trial court permitted the testimony on the basis that the witness at the onset of the cross examination testified that she was "living" at a particular Augusta address and therefore the fact that she was confined in the county jail would disprove her testimony that she was living elsewhere. See Code § 38-1802. This was error. From a reading of the cross examination, it is obvious that the assistant district attorney was attempting to impeach or destroy the credibility of this witness by showing that she was then incarcerated in jail. A witness may be impeached by showing conviction of a crime involving moral turpitude. *Beach v. State,* 138 Ga. 265 (75 SE 139). The fact of conviction must be shown by record evidence and not by testimony. *Howard v. State,* 144 Ga. 169 (86 SE 540). It is therefore improper to attempt to discredit a witness by showing that the witness is confined in jail as one may be in jail accused of a crime and may be in fact not guilty. Our law is that conviction impeaches; accusation does not. *Bryant v. State,* 191 Ga. 686, 687 (13 SE2d 820). The prosecuting attorney asked the witness: "You're in the county jail down at Fourth Street." A. "Uh huh." Q. "Aren't you? I mean, that's what that ID bracelet is for?" A. "Yeah." Q. "So you can't come in and go out?" A. "Right." Q. "So they can tell who you are down there. What are you down there for?" At this point defendant's counsel made what at the time was only a general and insufficient objection that the questioning was "irrelevant." The court then asked defendant's counsel "Why" it was irrelevant and counsel responded with an incorrect principle of law that "She's been convicted of a misdemeanor and a conviction for a misdemeanor is not grounds for impeachment." The prosecuting attorney then stated "She [witness] said she was living on Holley

Street and she's living at . . ." The court: "Didn't she testify that she was living at Holley Street and that's where she was staying?" Witness: "I'm living at Holley Street . . ." The court: "Well, wasn't he entitled to show that she is not staying there? . . . That's what I understood he — was attempting to do." To the court's comment defense counsel responded "I understand differently, Your Honor." There followed colloquy in which the court discussed moral turpitude and concluded that "a misdemeanor can involve moral turpitude." Thus, viewing the colloquies and the evidence in their totality it is obvious that the trial judge was placed on notice that defendant's counsel, however ineptly expressed, was in fact objecting to an improper attempt by the prosecuting attorney to impeach this witness. The judge erred in failing to sustain this objection, in allowing the prosecuting attorney to proceed in this vein, and in permitting the jury to consider the improper testimony. The error was harmful and requires reversal.

2. All other enumerations have no merit and do not require further consideration.

*Judgment reversed. Webb, Smith, Shulman and Birdsong, JJ., concur. Deen, P. J., McMurray and Banke, JJ., dissent. Quillian, P. J., not participating.*

SUBMITTED SEPTEMBER 19, 1977 — DECIDED DECEMBER 5, 1977 — REHEARING DENIED DECEMBER 20, 1977 — 

*Surrett, Thompson, Bell, Choate & Walker, John C. Bell, Jr.,* for appellant.

*Richard E. Allen, District Attorney, John L. Mixon, III, Assistant District Attorney,* for appellee.

McMURRAY, Judge, dissenting in part.

After examination of the various enumerations of error, I concur fully in Division 2 that all other enumerations of error have no merit inasmuch as counsel for defendant failed to make proper objection, the objections made are not meritorious or no such objection to the evidence was made as contended by the defendant.

But I dissent to Division 1 of the opinion and to the

judgment of reversal. I do not think that proper objection was made. In addition thereto, the court, more or less, ruled in favor of the objection, if any, with reference to the attempt to impeach the witness by showing she was confined to the county jail.

I agree fully with the majority in its statement as to the law with reference to impeachment of a witness by showing conviction of a crime involving moral turpitude. See *Grant v. State,* 142 Ga. App. 606 (236 SE2d 691). But counsel has simply failed to raise proper objection to the evidence. No objection was made to the question asked as to the fact the witness was in the county jail. However, this line of questioning as to why she was in the county jail was objected to as follows: "I want to object to this line of testimony . . . on grounds it is totally irrelevant." The court then asked the question, "Why?" The defense attorney answered: "She's been convicted of a misdemeanor and a conviction for a misdemeanor is not grounds for impeachment. . ." Then after much colloquy between the court and counsel, the court ruled, "Well, all right, don't go into anything. The highest and best evidence would be a record of conviction, if you're doing that; and it may — a misdemeanor can involve moral turpitude, can't it?" The court later added, ". . . a misdemeanor can involve moral turpitude, but go ahead." The cross examination of the witness continued, but the assistant district attorney then elected not to proceed with this line of questioning in order to impeach the witness, if that was his intention or to further destroy the credibility of this witness by showing that she was then incarcerated in jail. At no time did counsel for defendant move to exclude the jury from consideration of the discussion and colloquy with reference to the objection. No motion for mistrial was made, and no request was made for the court to instruct the jury to disregard the testimony given or to instruct the assistant district attorney to cease and desist from his tactics in attempting to destroy the credibility of this witness in this manner, if this was in fact the intention of the assistant district attorney. See *Hudson v. State,* 229 Ga. 565, 566 (1) (193 SE2d 7); *Clenney v. State,* 229 Ga. 561, 563 (3) (192 SE2d 907); *Jackson v. State,* 108 Ga. App. 529 (133 SE2d 436) and cits. This enumeration of

error is not meritorious.

Since none of the enumerations of error is meritorious, I would affirm the conviction.

I am authorized to state that Presiding Judge Deen and Judge Banke join in this dissent.

BANKE, Judge, dissenting in part.

I concur in the dissent of Judge McMurray to Division 1 of the majority opinion.

The majority's statement that "The assistant district attorney during his cross examination of one of the defendant's witnesses was permitted over objection to show that this witness was then confined to the local county jail" is not supported by the record. The record (T-38) shows: "Q. (By asst. D.A.) You're in the county jail down at Fourth Street? A. (By witness) Uh huh. Q. Aren't you? I mean, that's what that I.D. bracelet is for . . . A. Yeah."

The record indicates no objection was made to this testimony, and no ruling was made by the court. It was not until later (T-39) that an objection was made as follows: "Q. (By asst. D.A.) . . . What are you down there for? A. (By witness) What am I down there . . . Mr. Bell: I want to object to this line of testimony — A. . . . That shouldn't have anything to do with it — What am I down there for. Mr. Bell: . . . On grounds it's totally irrelevant. The court: Why? Mr. Bell: She's been convicted of a misdemeanor and a conviction for a misdemeanor is not grounds for impeachment — this morning."

While it is true the question by the assistant district attorney, ". . . what are you down there for?" was an improper question and should not have been asked, no harm resulted since the record shows that the witness never answered the question. Defense counsel, without asking for removal of the jury from the courtroom, fully answered the question himself thereby informing the jury of the very information which he sought to prevent them from hearing. The record indicates the assistant district attorney did not ask a single further question until the trial judge ruled in substance that the question would not be permitted, whereupon the assistant district attorney abandoned the question and proceeded to other subject

matter. No motion for mistrial or motion to strike or any other type of motion was made, nor were cautionary instructions requested.

Furthermore, the only objection made to the improper question was that it was irrelevant, which is not "such an objection as would be reversible error to overrule." *Hogan v. Hogan,* 196 Ga. 822, 824 (28 SE2d 74) (1943). The proper objection would have been that a witness cannot be discredited by his own testimony as to prior convictions. See *Rolland v. State,* 235 Ga. 808, 811 (221 SE2d 582) (1976). Finally, the trial judge did not overrule the objection; he sustained it. For these reasons there is no merit to this enumeration of error, and I would affirm the conviction.

I am authorized to state that Presiding Judge Deen joins in this dissent.