66688, 66689. BELVIN v. HOUSTON FERTILIZER & GRAIN COMPANY, INC.; and vice versa.

POPE, Judge.

Houston Fertilizer and Grain Co., Inc. (Houston Fertilizer) brought suit against Oscar Belvin (Belvin) and his wife, Mary J. Belvin, on a promissory note and upon the theory of open account for monies due for the sale of fertilizer. The jury returned a verdict for Houston Fertilizer on the theory of open account against Oscar Belvin only. Belvin appeals the verdict, and Houston Fertilizer cross-appeals.

1. The trial court did not err in failing to direct a verdict for Belvin on the issue of interest due on the open account. Belvin contends that since Houston Fertilizer first sought an interest rate on the promissory note in excess of that allowed by OCGA § 7-4-2 (Code Ann. § 57-101), it forfeited any right to interest on the open account. We do not agree. OCGA § 7-4-10(a) (Code Ann. § 57-112) requires forfeiture of interest charged in violation of the provisions of OCGA § 7-4-2 (Code Ann. § 57-101), which set a maximum rate of interest applicable in this case of 10-1/2% (see revision in Ga. L. 1983, p. 1146), except as otherwise provided by law. OCGA § 7-4-16 (Code Ann. § 57-111) provides for a maximum interest rate of 1-1/2% per month on commercial accounts. Before trial, Houston Fertilizer

amended its complaint. The first count sought recovery on the promissory note, exclusive of any interest. The second count sought recovery on the theory of commercial account, and gave notice that Houston Fertilizer would seek the statutorily permitted 1-1/2% rate of interest. Thus, Houston Fertilizer did not seek any interest greater than that allowed by law and complied with the statutory requirements to have the issue of interest on the commercial account put before the jury.

2. During trial, Houston Fertilizer impeached Oscar Belvin by means of Belvin's prior criminal conviction. Belvin argues that the trial court erred in denying him the opportunity to explain the circumstances of the prior criminal conviction. Courts in other jurisdictions have split widely over whether a witness impeached by proof of a prior criminal conviction should be allowed to explain the circumstances surrounding the conviction. See Annot., 166 ALR 211 (1947). The reasoning supporting those cases which holds such explanation inadmissible is founded on the sanctity and solemnity of final judgments of prior judicial proceedings. In this analysis, the conviction speaks for itself, and the witness should not be permitted to challenge or explain it in any fashion. However, Wigmore has stated that allowing a witness to offer some explanation of a conviction adduced for impeachment "would seem a harmless charity. . . . ." 4 Wigmore 251, Evidence § 1117 (Chadbourn rev. 1972). "Accordingly a substantial number of courts, while not opening the door to a retrial of the conviction, do permit the witness himself to make a brief and general statement in explanation, mitigation or denial of guilt, or recognize a discretion in the trial judge to permit it." McCormick on Evidence 89, § 43 (2d ed. 1972). Georgia has followed the line of cases allowing the witness to offer some explanation. *Thorpe v. Wray,* 68 Ga. 359 (7) (1882); *Utzman v. Srochi,* 127 Ga. App. 294 (4) (193 SE2d 195) (1972). Therefore, it was error for the trial court not to allow Belvin to offer some explanation. However, in our view, the error was harmless since the witness interjected comment on his conviction in response to questions from Houston Fertilizer's counsel, and such comment was not stricken from the record.

3. In its cross-appeal, Houston Fertilizer contends the court below erred in not reading to the jury the statute under which the conviction of Belvin was obtained. We disagree. It is the fact of conviction of a crime involving moral turpitude which is impeaching, not the statute violated or the manner in which it was violated. The conviction itself stated the general nature of the offense and the punishment given. The statute violated is thus irrelevant to the issue of impeachment in this situation.

4. We have examined the charge on impeachment and find it to

be a fair statement of the law; 'likewise, the charge on agency is also correct. Therefore, we find no merit to Houston Fertilizer's enumerations dealing with the charge.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 29, 1983.

*Garland T. Byrd, Charles W. Byrd,* for appellant.
*Henry L. Crisp,* for appellee.