## A89A2151. SMITH v. THE STATE.
(392 SE2d 288)

Pope, Judge.

Defendant Victor Tyrone Smith was convicted of three counts of selling cocaine in violation of the Georgia Controlled Substances Act. On appeal he contends that he was "forced" to proceed pro se, and that the trial court "erred by failing to insure that [he] knowingly and voluntarily waived his right to counsel." *Held*:

The record shows that defendant was originally represented by retained counsel who filed a motion to withdraw based on defendant's failure to pay him his retainer. The trial court granted defendant's attorney's motion on November 11, 1988. The trial was first set to commence on November 28, 1988; however, at that time defendant indicated he had not been able to obtain an attorney because of the holidays and the trial court agreed to continue the case to allow defendant to talk to the public defender's office or, if he was not eligible to have an appointed attorney, to retain counsel. Trial was subsequently rescheduled for January 17, 1989. The transcript from that proceeding shows that defendant had been denied court appointed counsel and that he had met with other counsel but decided not to retain him because he felt he would just be "throwing money away" because the State would not agree to another continuance to allow counsel time to prepare for trial.

"Defendants in criminal cases have both a federal and a state constitutional right to be represented by counsel or in the alternative, to represent themselves. However, it is only indigent defendants for whom the trial court must appoint counsel. For a non-indigent defendant, such as appellant, the constitutional right to counsel only entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services. (Emphasis in original.) *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983).

"The constitutional right to counsel may be waived. Since no defendant has the right to simultaneous representation by counsel and self-representation, his election of the latter right is necessarily a waiver of the former. When waiver of the right to counsel rests upon the defendant's election of his alternative right of self-representation, the record should reflect a finding on the part of the trial court that the defendant has *validly chosen* to proceed pro se. The record should also show that *this choice* was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel. (Emphasis supplied.) *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981). A defendant's voluntary election of the alternative right of self-representation is not, however, the only circumstances in which the waiver of the right to counsel may arise. Not-

withstanding a defendant's present verbal insistence upon his right not to be tried without counsel, his own past actions may nevertheless demonstrate that the right has been waived. Since a non-indigent defendant's right to counsel is predicated upon his own diligence, a failure on his part to retain counsel may constitute a waiver of the right to counsel. [Cits.] Thus, when presented with a non-indigent defendant who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control. *Shaw v. State*, supra at 112." (Punctuation omitted.) *Burnett v. State*, 182 Ga. App. 539, 540 (356 SE2d 231) (1987).

The record in the case at bar shows that the trial court informed defendant when he continued the trial of the case from November 28, 1988, to January 17, 1989, that he must either take the steps necessary to secure appointed counsel or must retain counsel at his own expense. Here the trial court ascertained that defendant had met with counsel during the week prior to trial but decided not to retain him because he did not want to "throw away" his money. Under these circumstances we agree that "[t]he trial court was clearly authorized to find that the lack of representation was entirely attributable to [defendant's] lack of diligence in retaining counsel." *Burnett*, supra at 541. Consequently, there is no merit to defendant's sole enumeration of error on appeal.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1990.

Kenneth L. Chalker, Jr., for appellant.
*Thomas J. Charron, District Attorney, Barry E. Morgan, Nancy I. Jordan, Assistant District Attorneys*, for appellee.