## A90A1331. HARDEN v. THE STATE.
### (399 SE2d 276)

COOPER, Judge.

Appellant was convicted by a jury of two counts of aggravated assault, three counts of mutiny and kidnapping, two counts of theft by taking and escape stemming from his involvement in a jail break from the Houston County Jail. He appeals from the trial court's denial of his motion for new trial, enumerating as error the sufficiency of the evidence and the trial court's imposition of a felony sentence for escape.

The record of the evidence adduced at trial, construed to support the jury's verdict, demonstrates that two deputies were distributing medications in one of the cell blocks when they were attacked by several prisoners. One deputy testified that appellant struck him with what he believed to be a battery wrapped in a sock. A third deputy, the shift supervisor, was dragged from the office to the cell block where he was nearly strangled by one of the inmates. While in the cell block, the shift supervisor witnessed appellant and another inmate wrestling with the two deputies on the floor. The three deputies were locked in the cell, and seven prisoners, including appellant, escaped. An inventory of the jail subsequent to the escape revealed that guns, money, handcuffs, clothes, keys and a truck belonging to one of the deputies were missing. The jail break began at approximately 11:00 p.m., and the truck was located in neighboring Peach County at about 4:00 the following morning. Appellant was apprehended during the early morning hours in Peach County as well.

1. Appellant contends the verdict was not supported by the evidence and argues that his convictions cannot stand because there was no showing of common plan or conspiracy, his mere presence did not make him a party to the crime and he did not aid or abet fellow inmates. " 'Under (OCGA § 16-2-20 (a)) every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. One is concerned in the commission of a crime where the person either directly commits, intentionally causes another to commit, intentionally aids or abets the commission of, or intentionally advises or otherwise encourages another to commit the crime. (OCGA § 16-2-20 (b).)' [Cits.]" *Stoe v. State*, 187 Ga. App. 171 (3) (369 SE2d 793) (1988). In the instant case, the evidence was sufficient to establish that appellant was concerned in the offenses of which he was convicted, and "the jury was authorized to find appellant guilty as a principal." *Glover v. State*, 192 Ga. App. 798, 800 (1) (386 SE2d 699) (1989). Although the evidence indicates that appellant assaulted and committed mutiny against only one of the deputies, he clearly took advantage of the assaults, mutinies and kidnappings by his fellow inmates to flee the jail.

*Lubiano v. State*, 192 Ga. App. 272 (1) (b) (384 SE2d 410) (1989). Likewise, the other escapees were aided by appellant's detention of the deputy in accomplishing their assaults, mutinies, kidnappings, and thefts.

Appellant also contends the conviction for kidnapping cannot stand because there was no showing of asportation. "The determinative factor with regard to the element of asportation is whether 'appellant even momentarily caused the victim(s), "without lawful authority or warrant," through intimidation and coercion, to engage in actions (including moving from one place to another) "against (their) will(s)." ' [Cit.]" *Briard v. State*, 188 Ga. App. 490 (1) (373 SE2d 239) (1988). The record shows that the deputies were attacked, forced into a cell and locked in against their wills; hence, asportation was established.

Based on the foregoing, we conclude that a rational trier of fact could have found appellant guilty beyond a reasonable doubt of the offenses of aggravated assault, mutiny, kidnapping, theft by taking and escape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant charges the trial court erred in imposing a felony sentence on the conviction for escape inasmuch as the jury found him guilty of escape without a dangerous weapon, which should have been punishable as a misdemeanor. OCGA § 16-10-52 (b). It appears that the box designated "Felony Sentence" on appellant's sentence for escape was erroneously checked, instead of the box designated "Misdemeanor Sentence"; therefore, the case shall be remanded for the entry of a misdemeanor sentence on the escape conviction.

*Judgment affirmed and case remanded with direction. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 21, 1990.

*Robert E. Bergman*, for appellant.
*Edward D. Lukemire, District Attorney, Shelley S. Howard, Assistant District Attorney*, for appellee.

