A90A2139. GRANT et al. v. THE STATE.
(401 SE2d 761)

McMURRAY, Presiding Judge.

Via a two-count indictment, Harvey Lee Grant, Thomas Doe, Herbert Grant and Gregory Hodges a/k/a Meaty Treaty, were charged with selling cocaine in violation of the Georgia Controlled Substances Act. Specifically, in Count 1 of the indictment, Harvey Lee Grant and Thomas Doe were accused of selling cocaine on June 5, 1989, to Cecil Hutchins; in Count 2 of the indictment, Harvey Lee Grant, Herbert Grant and Gregory Hodges were charged with selling cocaine on June 14, 1989, to Andre Cooper in violation of the Georgia Controlled Substances Act.

Gregory Hodges entered a guilty plea; the remaining defendants entered not guilty pleas and were tried by a jury. The jury found the remaining defendants guilty as charged. Following the imposition of sentence and the denial of their motion for a new trial, defendants Herbert Grant, Thomas Doe and Harvey Lee Grant appeal.

Viewing the evidence in a light favorable to the State, as we are bound to do, we find the following: On June 5, 1989, Special Agent Cecil Hutchins of the Georgia Bureau of Investigation ("GBI") and Andre Cooper, an informant, were working undercover in Glennville, Georgia. They drove to a club and saw Harvey Lee Grant standing outside. Harvey Lee Grant walked over to the automobile and the informant asked about a "deal." A deal was struck and someone brought a "package" to Harvey Lee Grant. At that point, Harvey Lee Grant handed four rocks of cocaine to the informant; the informant passed the rocks along to the agent; and Harvey Lee Grant was given $400.

Thomas Doe walked up to Harvey Lee Grant and took the money out of his hands. Doe and Harvey Lee Grant walked about five feet away. Doe "fumbled" through the money and gave it back to Harvey Lee Grant who put it in his pocket.

On June 14, 1989, Special Agent Hutchins and Andre Cooper returned to Glennville and spotted Harvey Lee Grant near the same club. They asked if they could buy more drugs and were told to return in 15 minutes. The agent and informant drove around the block

and parked. Harvey Lee Grant, accompanied by a group of young males, approached the automobile. Harvey Lee Grant motioned to several of the young males to circle the automobile. When the automobile was surrounded, Harvey Lee Grant accused the special agent of being with the GBI. The agent denied the accusation and Harvey Lee Grant asked Herbert Grant if the special agent was the person he had seen in the area earlier and if the special agent was with the GBI. Herbert Grant replied: "Yes, this is him . . . He's the bust man."

The special agent and the informant argued with the young men and insisted that the special agent was not with the GBI. Herbert Grant and Thomas Doe were arguing the point with the special agent and the informant.

Harvey Lee Grant told the informant to get out of the automobile. When he did, the young men circled around him and continued their accusations. Finally, someone in the crowd vouched for the informant. A that point, the special agent instructed the informant to get back in the automobile and he told Harvey Lee Grant to "forget it." Harvey Lee Grant said "no," and banged on the automobile. He told the special agent to give the informant the money and wait in the automobile. In this regard, he explained: "You're gonna have to give the money to Andre. Andre's gonna go with me behind a building where you can't see anything. That way you can't testify in court, you can't arrest me on anything 'cause you didn't see anything."

The informant and Harvey Lee Grant walked behind the club. Herbert Grant and Gregory Hodges remained with the special agent. Herbert Grant and Gregory Hodges continued to make accusations against the agent. Then Herbert Grant and Gregory Hodges also went behind the club.

The informant returned to the automobile and handed the special agent 12 small rocks of cocaine. In short order, they drove off. *Held*:

1. Each defendant contends the evidence is insufficient to support his conviction beyond a reasonable doubt. We disagree.

(a) As to the two cases against Harvey Lee Grant, he is positively identified as the person who sold the cocaine on June 5, 1989, and on June 14, 1989. The evidence was sufficient to enable a rational trier of fact to find defendant Harvey Lee Grant guilty of the offenses charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Wilson v. State*, 193 Ga. App. 183 (387 SE2d 413).

(b) OCGA § 16-2-20 provides, in part: "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." "While this Code section does not use the word 'conspiracy' it is plain that it embodies the theory of conspiracy insofar as it renders one not directly involved

in the commission of a crime responsible as a party thereto." *Scott v. State*, 229 Ga. 541, 543 (1), 544 (192 SE2d 367); *Hamby v. State*, 158 Ga. App. 265 (2) (279 SE2d 715).

" 'The question of the existence of a conspiracy is ultimately for the jury to determine. (Cit.) The existence of a common design or purpose between two or more persons to commit an unlawful act may be shown by direct or circumstantial evidence.' [Cit.] It may be shown by conduct as well as by direct proof or express agreement, by inference as well as deduction from conduct which shows common design on the part of persons charged to act together for the accomplishment of the unlawful purpose. [Cit.]" *Brown v. State*, 177 Ga. App. 284, 295 (9) (339 SE2d 332).

In light of the conduct of Thomas Doe at the sales made on June 5, 1989, and June 14, 1989, and the conduct of Herbert Grant at the sale made on June 14, 1989, we deem the evidence sufficient to enable a rational trier of fact to find Thomas Doe guilty of selling cocaine on June 5, 1989 and Herbert Grant guilty of selling cocaine on June 14, 1989 beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Boatwright v. State*, 193 Ga. App. 141 (1) (387 SE2d 386).

2. Defendants contend the trial court erred in permitting the special agent to testify that (1) he feared Gregory Hodges was carrying a weapon at the June 14, 1989, sale because he had a bulge in his pants and that (2) Harvey Lee Grant was sporting a similar bulge. We find no error. The evidence was relevant to explain the unusual circumstances behind the June 14, 1989, sale of cocaine. See *McKeever v. State*, 196 Ga. App. 91, 94 (5) (395 SE2d 368).

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED JANUARY 17, 1991.

*Hugh J. McCullough*, for appellants.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.