### A91A0458. SNIDER v. THE STATE.
(406 SE2d 542)

BANKE, Presiding Judge.

The appellant, Candace Snider, was convicted of selling the drug alprazolam in violation of the Georgia Controlled Substances Act. She brings this appeal from the denial of her motion for new trial.

GBI Agent Scott Whitley testified that he purchased the drug in question from the appellant on the night of November 18, 1989. He stated that he did not know the appellant at the time but dealt with her directly during the transaction and was able to observe her for a period of approximately two minutes under "good" lighting conditions. He wrote a description of her in his field notes approximately 30 minutes later in which he characterized her as a white female, 25 to 30 years of age, weighing 145 to 155 pounds, with medium length, blond curly hair.

Agent Whitley testified that soon after the transaction was completed, he observed the appellant "getting into the passenger side of a gray Mustang GT with a wrecked front end bearing Georgia license THE 949." He stated that later that night, he saw this same vehicle parked outside a Huddle House in which the appellant could be observed dining. He testified that approximately a week-and-a-half to two weeks after the sale, he observed this vehicle parked outside an apartment building from which he later saw her emerge and that, approximately a month after that, he saw it parked outside a convenience store where she was working. The appellant was arrested on March 8, 1990, at which time Agent Whitley confirmed her identity during a one-on-one showup at the jail. *Held:*

1. The appellant enumerates as error the denial of her pre-trial motion to suppress Agent Whitley's identification testimony, arguing that the showup at the jail was both impermissibly suggestive and violative of her right to counsel and that it irreparably tainted Whitley's ability to identify her as the person who had sold him the controlled substance. We find these contentions to be without merit.

"[T]he Sixth Amendment right to counsel clearly does not attach simply because the accused is in custody, or has been arrested. [Cit.]

Rather, the Sixth Amendment right to counsel exists to protect the accused 'during trial-type confrontations with the prosecutor' and thereafter." *Ross v. State*, 254 Ga. 22, 27 (326 SE2d 194) (1985). "There is no right to counsel at a pre-indictment lineup, even when held subsequent to an arrest, because the adversary judicial criminal proceedings have not yet begun. [Cits.]" *Davis v. State*, 176 Ga. App. 650, 651 (337 SE2d 431) (1985).

With regard to the suggestiveness of the showup, the trial court was authorized to conclude that the agent's numerous prior viewings of the appellant established an independent basis for his in-court identification of her. "Even if the pretrial identification is tainted, the in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. [Cits.]" *Hamilton v. State*, 180 Ga. App. 284, 285 (349 SE2d 230) (1986). The fact that the appellant's name was supplied to the agent by other law enforcement officers would not affect the integrity of his identification testimony, absent a showing that his in-court identification was based upon an impermissible suggestion by another that she was the seller. See *Smith v. State*, 192 Ga. App. 144 (2) (384 SE2d 677) (1989). Finally, assuming arguendo that the agent should not have been allowed to testify concerning his identification of the appellant during the showup itself, we hold that the admission of his testimony in this regard was harmless in the context of his remaining identification testimony. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

2. The evidence, construed in the light most favorable to the verdict, was sufficient to enable a rational trier of fact to find the appellant guilty of the offense charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err in denying her motion for directed verdict.

3. The trial court did not err in refusing to give the appellant's requested charges concerning the factors to be considered in weighing identification testimony. The court gave the charge on this issue which appears in the Suggested Pattern Jury Instructions prepared by the Council of Superior Court Judges of Georgia (Vol. II, Criminal Cases, pp. 52-53, Nov. 1984). Inter alia, this lengthy charge enumerates the following factors as being among those which may be considered in assessing the reliability of identification testimony: "a. The opportunity of the witness to view the alleged perpetrator at the time of the alleged incident; b. The witness' degree of attention toward the perpetrator at the time of the alleged incident; c. The level of certainty demonstrated by the witness as to his or her identification; d. The possibility of mistaken identity; e. Whether the witness' identification may have been influenced by factors other than the view had

by the witness, if any, at the time of the alleged incident; f. Whether the witness, on any prior occasion, has failed to identify the defendant in this case as the alleged perpetrator." Id.

The appellant does not contend that any portion of this charge was erroneous or inappropriate but contends that she was also entitled to instructions emphasizing, among other things, the possibility of human error or mistake and the fact that an identification made by picking an individual out of a group generally is more reliable than one which results from a one-on-one showup. We hold that to the extent the additional instructions sought by the appellant were not covered by the court's charge, they were unduly argumentative. See generally *Camp v. State*, 181 Ga. App. 714, 716 (353 SE2d 832) (1987).

4. For the purpose of demonstrating that her hair had not been curly on November 18, 1989, the appellant was allowed to play a videotape to the jury depicting her presence at a family gathering which had purportedly taken place during Thanksgiving of 1989. She contends on appeal that the trial court erred in refusing to allow her to point herself out to the jurors during the playing of this tape and to emphasize to them such factors as the presence of a Thanksgiving turkey decoration. This enumeration of error is patently without merit. The jury was instructed immediately before the playing of the tape that it was being shown to them for the purpose of allowing them to determine "what this . . . defendant looked like on that occasion," and there is no suggestion that any narration by the appellant or her counsel was necessary to enable them to make that determination. Furthermore, an examination of the transcript reveals that appellant's counsel did not object to or otherwise take issue with the court's ruling in this regard.

5. The appellant contends that the trial court erred in failing to instruct the jury to disregard certain hearsay testimony offered by Agent Whitley concerning the manner in which he had learned her name. However, a review of the transcript discloses that the appellant requested no such instructions. Consequently, this enumeration of error presents nothing for review.

6. The appellant contends that the trial court erred in refusing to declare a mistrial in response to certain statements made by the state's attorney during closing argument. However, the record reflects that the appellant's counsel waited until after the jury had begun its deliberations to "perfect the record" in this regard. "When improper argument is made to the jury, it is necessary, in order to make the alleged error the basis for appeal, that opposing counsel, during the trial, properly object to the argument, invoke the ruling or instruction of the court, and if dissatisfied with the action taken to renew the objection and move for mistrial. [Cits.]" *Epps v. State*, 168 Ga. App.

79, 81 (4) (308 SE2d 234) (1983). Since this procedure was not followed by the appellant in the present case, this enumeration of error also presents nothing for review.

7. The appellant contends that the trial court erred in allowing the state to call two witnesses whose names were not on the list of witnesses provided to her pursuant to OCGA § 17-7-110. One of these witnesses was the crime lab analyst who had performed the chemical test identifying the controlled substance at issue, while the other was a rebuttal witness who testified concerning the appellant's appearance at the time of the alleged offense and who further testified that it was he who had supplied the appellant's name to the other law enforcement agents involved in the investigation.

The appellant made no contention during the trial of this case that Agent Whitley had not in fact purchased the drug alprazolam from someone on the night of November 18, 1989; rather, it was her position that the person who had sold this drug to him was someone other than herself. In the absence of any indication by the appellant as to what she would have done differently if she had been given additional time to prepare for the testimony of the crime lab analyst, the trial court did not err in allowing him to testify. See *Askew v. State*, 192 Ga. App. 351 (1), 352 (385 SE2d 21) (1989). As for the rebuttal witness, it is well settled that "calling an unlisted witness in rebuttal is not error and does not violate [OCGA] § 17-7-110. [Cits.]" *Forney v. State*, 255 Ga. 316, 318 (338 SE2d 252) (1986). The testimony of this witness regarding the appellant's physical appearance at the time of the commission of the offense was clearly offered in response to the appellant's own testimony on that issue; and none of his testimony was necessary to establish a prima facie case against her. Consequently, we reject the appellant's contention that this witness was not a bona fide rebuttal witness.

8. The appellant contends that the trial court erred in granting the state's motion to strike two affidavits submitted by her in support of her argument that the state's rebuttal witness should not have been allowed to testify. The first of these was from her own counsel stating that she (counsel) invariably voir dired juries in criminal cases concerning their acquaintance with the state's witnesses, that because the rebuttal witness in question was unlisted she had been unable to voir dire the jurors as to their possible acquaintance with him, and that the district attorney had added new witnesses just prior to trial in other cases which she had handled in that circuit. The second affidavit was from one of the jurors in the case and disclosed that the rebuttal witness was an "acquaintance" of hers. As neither of these affidavits established any ground for a new trial, any error the trial court may have committed in striking them was harmless.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

Decided June 10, 1991.

*Amy A. Petulla,* for appellant.
*Ralph Van Pelt, Jr., District Attorney, Mary Jane R. Palumbo, Assistant District Attorney,* for appellee.