## A91A1155. MILLER v. THE STATE.
## A91A1156. EVANS v. THE STATE.
### (411 SE2d 112)

ANDREWS, Judge.

Evans and Miller were tried by a jury and convicted of hunting deer at night with the aid of a light, hunting from a motor vehicle and hunting from a public road and were sentenced to 12 months probation and a fine of $1,850.

1. In their first enumeration of error, Miller and Evans claim that the evidence was insufficient for conviction. Viewed in favor of the verdict, the evidence was that at 12:30 a.m. on September 30, 1990, Miller was driving Evans' car at about 10 m.p.h. with Evans as a passenger, when the vehicle attracted the attention of a Georgia Department of Natural Resources ranger, Kingel. Kingel watched as the vehicle turned around in a church parking lot and retraced its path at the same slow speed. He began following the vehicle at a distance with his lights off and saw a light shining out of the passenger side of the vehicle onto the right side of the road. As the vehicle turned around a second time, to travel the same portion of the road for the third time, Miller spotted the ranger's vehicle and began traveling very quickly, "with his engine screaming."

At this point, Kingel followed the car and stopped Miller and Evans and asked them if they had a gun with them and if they were hunting deer. Miller and Evans said that they did not have a gun and denied that they were hunting, yet when Evans got out of the car there was a 16-gauge rifle slug shotgun shell between his legs. Kingel, who was at this point joined by a sheriff's deputy, also observed a lantern lying on the vehicle's floorboard and a filet knife, of the type commonly used for field dressing deer, wedged in a space near the driver's seat. Because of the apparent absence of a gun, the men were released.

At this point Kingel traveled the route through which he had followed Miller and Evans and found a 16-gauge shotgun lying in the ditch. The shotgun was broken in a manner which was consistent with being thrown out of a car window. The fact that there was no dew or rust on the gun and that the grass and dirt lodged in it were fresh indicated that it had been thrown in the preceding 30 minutes. Upon

the discovery of the gun, Miller and Evans were arrested. After their arrest, both men denied that they had a gun, despite the presence of several shotgun shells in the car, but Evans admitted that they were "out looking for deer."

On appeal of a criminal conviction, the appellants are "no longer indulged with the presumption of innocence, for the jury has rendered its verdict; we do not weigh the evidence or determine the witness' credibility but construe the evidence to uphold the verdict. . . . Thus, we only determine whether the evidence is such as to enable any rational trier of fact to find the defendant guilty of the crime charged beyond a reasonable doubt, and we find so in this case. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." (Citations and quotations omitted.) *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990). Similarly, we reject appellants' argument that the State failed to exclude every other reasonable hypothesis save that of the guilt of the accused in this case based on circumstantial evidence. See *White v. State*, 253 Ga. 106 (1) (317 SE2d 196) (1984).

2. In their second enumeration of error, Miller and Evans argue for the first time here that their detention constituted an illegal arrest. "Enumerations of error which raise questions for the first time on appeal present nothing for decision." (Citations and punctuation omitted.) *Martin v. State*, 196 Ga. App. 145, 148 (4) (395 SE2d 391) (1990).

3. Finally, Miller and Evans claim that the trial court erred in overruling their motion for a mistrial after the state's attorney whispered to a witness his personal belief as to the veracity of one of the defendants allegedly within hearing of the jury. The trial court did not hear the remark, it was not recorded, and there is nothing in the record to indicate that the jury heard the remark. Nevertheless, the jury was given curative instructions to disregard any comment from the state's attorney. Given these facts, the trial court did not abuse its discretion in denying the motion for mistrial. *Jordan v. State*, 166 Ga. App. 417 (6) (304 SE2d 522) (1983); see generally *Shirley v. State*, 245 Ga. 616 (1) (266 SE2d 218) (1980).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 30, 1991.

*Charles A. Thomas, Jr.,* for appellants.
*Henry C. Head, Solicitor,* for appellee.