## A93A0837. VINCENT v. THE STATE.
(435 SE2d 222)

BEASLEY, Presiding Judge.

Defendant Vincent appeals her conviction of the offenses of armed robbery (OCGA § 16-8-41), aggravated assault (OCGA § 16-5-21), false imprisonment (OCGA § 16-5-41), and possession of a firearm during the commission of a crime (OCGA § 16-11-106).

1. Defendant's first enumeration of error challenges the sufficiency of the evidence to authorize her conviction. Viewed in the light most favorable to the verdict, it shows that the victim was a long-time acquaintance of defendant and her family, including her mother. He reestablished contact with the family via a telephone call to defendant's sister, who invited him to visit a residence he believed to be the mother's, on the following evening. When he arrived at the appointed time, he knocked on the door and was admitted by defendant's sister. He was immediately shot twice and beaten about the head as he lay on the floor. Defendant's sister went through the victim's pockets, took his money, and dragged him into another room where he was left rolled up in a blanket and shot twice more. The next morning the defendant and her sister tied the victim up, loaded him in his truck (the keys for which had been taken without his consent), drove him to another location, threw him from the truck, shot him again, and left him lying in the median of Interstate Highway 20.

The victim testified that he first saw defendant going past the hallway at about the time he was shot the third time. He also heard defendant talking to her sister. When the victim attempted to plead for help to their mother, both defendant and her sister threatened to kill him. From time to time during the night, the victim continued to plead with both defendant and her sister. This, plus defendant's participation the next morning, was sufficient to show that defendant was either the perpetrator or an aider and abettor to the crimes charged. OCGA § 16-2-20; *Williams v. State*, 200 Ga. App. 84, 85 (1), 86 (406 SE2d 498) (1991); *Grant v. State*, 198 Ga. App. 357, 358 (1) (401 SE2d 761) (1991); *Harden v. State*, 197 Ga. App. 686 (1) (399 SE2d 276) (1990).

There was no failure of proof of venue. Where, as here, it is not contested at trial, slight proof of venue is sufficient. *Brown v. State*, 205 Ga. App. 31 (421 SE2d 340) (1992). The victim testified that after being thrown out of his truck, shot the final time and left, he crawled up an embankment to the highway where he was found. Testimony that the victim was found in Douglas County was sufficient proof of venue.

Although defendant's sister testified that she acted alone in committing the crimes against the victim and that defendant was not present, and defendant denied involvement, credibility lies in the ex-

clusive province of the jury. *Jacobson v. State*, 201 Ga. App. 749 (1), 750 (412 SE2d 859) (1991); *Miller v. State*, 201 Ga. App. 374 (1), 375 (411 SE2d 112) (1991); *Holcomb v. State*, 198 Ga. App. 547 (1) (402 SE2d 520) (1991).

The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of which she was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Turntime v. State*, 206 Ga. App. 226, 227 (2) (424 SE2d 877) (1992).

2. During the State's cross-examination of defendant's sister, certified copies of the sister's convictions of the offenses of armed robbery and voluntary manslaughter were admitted to impeach her, without objection. Although Vincent twice objected to the prosecutor's cross-examination of her sister as to the circumstances surrounding her prior conviction for voluntary manslaughter, neither objection was made on the ground now raised on appeal, i.e., that this was an improper method of impeachment. The objections were somewhat vague but appear to have been on the ground of needless repetition, that the questions had already been answered by the witness and the conviction had been established. " 'Grounds which may be considered . . . on appeal are limited to those which were raised at trial.' *Proffitt v. State*, 181 Ga. App. 564, 566 (2) (353 SE2d 61) (1987)." *Shortes v. State*, 193 Ga. App. 859, 860 (2) (389 SE2d 354) (1989).

Were this issue properly before us, no reversal would be warranted. The error, if any, was harmless. The only ruling enumerated as error was the overruling of the second objection. The ruling on the first objection has not been challenged on appeal. But even before the first objection was interposed, the witness had answered substantially similar questions without objection. Much more of the same followed prior to the objection which underlies the ruling complained of. "[T]he admission of evidence, even if erroneous, is not harmful where substantially similar facts are shown either by the defendant . . . or by other evidence, unobjected to. [Cits.]" *Freese v. State*, 196 Ga. App. 761, 763 (2) (396 SE2d 922) (1990). The same principle applies to evidence admitted over objection when the ruling on the objection is not pursued on appeal.

Second, a conviction will be affirmed despite error if the error is harmless beyond a reasonable doubt in that the erroneously admitted evidence did not influence the verdict. *Vaughn v. State*, 248 Ga. 127, 131 (2) (281 SE2d 594) (1981). Where the evidence of guilt is overwhelming, the possibility that the error contributed to the conviction is negated. Id. at 131-132; see *Greer v. State*, 201 Ga. App. 775, 776 (2) (412 SE2d 843) (1991); *Harvill v. State*, 190 Ga. App. 353, 356 (3) (378 SE2d 917) (1989).

The evidence of Vincent's guilt overcame the presumption of in-

nocence. The victim testified that he could not clearly see who was shooting him after the first time, but after he was shot in the hip he saw Vincent near him. He identified Vincent as participating in dragging him to and loading him into his truck and in driving it, while her sister held him, to the place where he was thrown out. Shortly after the shooting, while in the hospital in critical condition, the victim gave to a detective a written statement implicating Vincent. The alibi for the time during which the victim was shot and robbed was contradictory and inconsistent, and Vincent's motive was strong: she was the member of the household responsible for the overdue rent, had no job, and was in desperate financial straights.

3. We have reviewed the remaining enumerations of error and find them to advance no reason for reversal.

(a) The trial court's refusal to continue the trial was not an abuse of discretion, OCGA § 17-8-22. It was justified by defendant's inaction with respect to counsel. At arraignment and subsequently, she insisted on retained counsel but none ever appeared and she never showed she had made arrangements for the same. After the court sua sponte appointed counsel on the Thursday before trial, defendant refused to cooperate until the day of trial (Monday), which date she had known over two weeks beforehand. The degree of preparation, which was the basis for the motion, was directly attributable to defendant's recalcitrance and lack of diligence. See *Bacon v. State*, 146 Ga. App. 468 (246 SE2d 475) (1978); *Shaw v. State*, 251 Ga. 109, 111 (303 SE2d 448) (1983); *Smith v. State*, 194 Ga. App. 810 (392 SE2d 288) (1990). She cannot fault the court any more than she can fault appointed counsel.

(b) The court did not err by "allowing" the State to make disparaging remarks about counsel or to express personal opinion in closing argument. The statement referred to is the State's response to defendant's objection to certain unrecorded argument. The court instructed the State to confine its comments within the rules of argument. Defendant did not renew the objection or move for mistrial, so the issue was not preserved. *Epps v. State*, 168 Ga. App. 79, 81 (308 SE2d 234) (1983); *Snider v. State*, 200 Ga. App. 12, 14 (406 SE2d 542) (1991).

(c) The jury charge is not susceptible to the complaints made against it on appeal. Neither is the court's ruling on the cross-examination of defendant.

*Judgment affirmed. Pope, C. J., Birdsong, P. J., Andrews, Johnson, Blackburn and Smith, JJ., concur. McMurray, P. J., and Cooper, J., dissent.*

McMurray, Presiding Judge, dissenting.
During the State's cross-examination of defendant's sister, certi-

fied copies of the sister's convictions of the offenses of armed robbery and voluntary manslaughter were tendered into evidence for the purpose of impeachment and admitted into evidence without objection. Thereafter, the State attempted to delve into the particular circumstances of the voluntary manslaughter offense and defense counsel objected, pointing out that the State had already established the witness' conviction for this offense and asking that the State be restricted to the issues in the case sub judice. After the State responded that it was attempting to establish the credibility of the witness, defendant's objection was overruled and the witness required to answer. Defendant enumerates as error the trial court's permitting the State to impeach the witness by eliciting testimony as to the particular circumstances of the prior offense of voluntary manslaughter. In my view, the issue argued on appeal lies within the scope of the objection made at trial, is meritorious, and is not harmless error, therefore I respectfully dissent.

"[A] witness cannot be discredited even by his own testimony that he was convicted of a crime involving moral turpitude. It is necessary that a copy of the record of conviction be introduced. *Rewis v. State*, 109 Ga. App. 83 (134 SE2d 875). Accordingly, the testimony of a witness that he has done some act that the law makes a crime is not a legal method of impeachment." *Durrett v. State*, 135 Ga. App. 749, 751 (3), 752 (219 SE2d 9). "While a witness may be discredited by proof of general bad character or conviction of a crime involving moral turpitude, it is not competent to discredit him by showing that he has committed, been arrested for, confined for, or even indicted for such an offense. *Davis v. State*, 60 Ga. App. 772, 773 (2) (5 SE2d 89); *Smallwood v. State*, 95 Ga. App. 766 (3) (98 SE2d 602); *Beach v. State*, 138 Ga. 265 (1), [(75 SE 139)]. Neither may general bad character be proved by individual acts. *Johnson v. State*, 61 Ga. 305 (2); *Davis v. State*, 60 Ga. [App.] 772, 774, supra." *McCarty v. State*, 139 Ga. App. 101 (1), 103 (227 SE2d 898). While Georgia is among those states which permit a witness impeached by a prior criminal conviction to attempt to rehabilitate their character by explaining the circumstances of the conviction (*Belvin v. Houston Fertilizer &c. Co.*, 169 Ga. App. 100, 101 (2) (311 SE2d 526)), there is no authority granting the party impeaching a witness any comparable exclusion from the above rules.

"Although both parties are entitled to a 'thorough and sifting' cross examination (Code § 38-1705), this right is not unlimited. *White v. State*, 74 Ga. App. 634 (40 SE2d 782). The scope of cross examination rests largely within the discretion of the trial judge . . . and his ruling will not be disturbed unless such discretion be abused. *Moore v. State*, 221 Ga. 636, 639 (2) (146 SE2d 895). This right must be 'tempered and restricted so as not to infringe on privilege areas or

wander into the realm of irrelevant testimony.' *Eades v. State*, 232 Ga. 735, 737 (208 SE2d 791)." *McCarty v. State*, 139 Ga. App. 101 (1), 102-103, supra. In the case sub judice, the relevancy of the testimony elicited over defendant's objection could only have gone to the impeachment of defendant's key witness. Whether the testimony at issue is viewed as an improper method of impeachment or as irrelevant, admission of such evidence was beyond the discretion of the trial court. Due to the importance to the defense of the sister's attempt to assume sole responsibility for the crimes at issue, I cannot agree that the admission of the improper testimony elicited from this witness was harmless. It follows that defendant's conviction should be reversed. *Polk v. State*, 202 Ga. App. 738, 739 (2) (415 SE2d 506); *Hall v. State*, 180 Ga. App. 881, 882 (3) (350 SE2d 801); *Richards v. State*, 157 Ga. App. 601, 602 (2) (278 SE2d 63); *Grant v. State*, 142 Ga. App. 606, 607 (236 SE2d 691); *Cross v. State*, 136 Ga. App. 400, 405 (6) (221 SE2d 615); *Corley v. State*, 64 Ga. App. 841, 842 (3) (14 SE2d 121).

I am authorized to state that Judge Cooper joins in this dissent.

DECIDED JULY 7, 1993 —
RECONSIDERATION DENIED JULY 30, 1993

*J. M. Raffauf, Alden W. Snead*, for appellant.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.